Michael Timothy SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00289–CR.

Court of Appeals of Texas, San Antonio.

Feb. 23, 1983.

Robert A. Price, IV, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction of voluntary manslaughter, in a bench trial, after a plea of "nolo contendere" to an indictment charging appellant with the offense of capital murder. Appellant was sentenced by the trial court to serve not less than two (2) nor more than ten (10) years' confinement. We affirm.

Appellant alleges in ground of error number one that the trial court erred in overruling his motion to set aside the indictment and for discharge for failure to provide a speedy trial as required by the "Speedy Trial Act," Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1982–1983).

The Court of Criminal Appeals, in Flores v. State, 606 S.W.2d 859, 860 (Tex.Cr.App. 1980), held that the defendant's plea of guilty waived all rights granted by the Speedy Trial Act, notwithstanding the fact that defendant raised in a written pretrial motion the issue of lack of a speedy trial.

A plea of nolo contendere is the equivalent of a plea of guilty. Sowell v. State, 503 S.W.2d 793, 795 (Tex.Cr.App. 1974). By pleading nolo contendere the appellant waived his rights under the Speedy Trial Act. Fleet v. State, 607 S.W.2d 257, 258 (Tex.Cr.App.1979).

In ground of error number two appellant alleges that "the evidence is insufficient to sustain a conviction." In support of this contention appellant argues that there is no evidence in the record that the offense was committed under the influence of sudden passion arising from adequate cause. Tex.Penal Code Ann. § 19.04 (Vernon 1974), and therefore, his conviction for voluntary manslaughter cannot be sustained.

Appellant pled "nolo contendere" to the offense of voluntary manslaughter after being indicted for the offense of capital murder. Appellant and the State entered into

written stipulations of evidence in the record and appellant agreed that such stipulated evidence was true and correct. The stipulation of evidence does not contain a judicial confession to the offense of voluntary manslaughter and we find no evidence in the record which establishes the element of sudden passion arising from adequate cause. While the evidence does not show the offense was committed under the influence of sudden passion arising from adequate cause, appellant's conviction for voluntary manslaughter must be sustained if sufficient evidence was introduced to support a finding of guilt on the greater offense of murder. *Curtis v. State,* 573 S.W.2d 219, 221 (Tex.Cr.App.1978); Tex. Code Crim.Pro. art. 40.03, § 9 (Vernon 1979). The stipulated evidence contains appellant's admission to two different parties that he committed the crime of murder. The stipulated evidence clearly shows beyond a reasonable doubt that appellant could have been found guilty of the offense of murder. Accordingly, appellant's ground of error number two is overruled.

The judgment of the trial court is affirmed.