**Clifton FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0553–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1985.

Vince Tarlton, Houston, for appellant.

John B. Holmes, Jr. Harris Co. Dist. Atty., James C. Brough, Jim Peacock Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

Indicted for aggravated robbery, which was enhanced by a prior conviction for rape, appellant was convicted by a jury of the lesser offense of robbery and sentenced to seven years confinement. He presents seven grounds of error on appeal.

Appellant robbed the female complainant and her boyfriend as they were walking down Holman Street in Houston. Appellant allegedly used a handgun, but a weapon was not recovered. No money was taken from complainant or her boyfriend because they did not have any. The appellant ran from the crime scene and was apprehended shortly thereafter.

No challenge is made to the sufficiency of the evidence, and the first five grounds are argued jointly. The appellant asserts that the trial court erred in its instructions to the jury:

1) in failing to apply the law of robbery to the facts of the case;

2) in failing to charge in the application paragraph that the jury must find that the robbery, if any, was committed while in the course of committing theft;

3) in charging the jury on the lesser-included offense of robbery where there was no request for such an instruction;

4) in charging the jury on the lesser-included offense of robbery where there was no evidence warranting such an instruction; and

5) in charging the jury on the lesser-included offense of robbery, for which appellant was neither charged nor notified before or during the trial.

The appellant made only one objection to the jury charge—the failure to charge on the lesser-included offenses of theft and attempted theft—which objection appellant conceded in his brief was frivolous. The law is clear that a conviction should not be reversed for error in the jury charge without proper objection unless the error is so egregious and caused such harm that the defendant has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g).

The appellant argues that we should follow *Antunez v. State*, 647 S.W.2d 649 (Tex. Crim.App.1983), and *Newton v. State*, 648 S.W.2d 693 (Tex.Crim.App.1983), in both of which cases the jury charge contained "fundamental error." These cases, however, have been overruled by *Almanza*, which now requires an affirmative showing of actual harm resulting from the charge, and that, to determine this showing, the charge must be considered *as a whole*, along with the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole.

After exhaustively defining the various elements of robbery and aggravated robbery in the charge, the court applied the law to the facts in the following manner:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of November, 1983, in Harris County, Texas, the defendant, Clifton Franklin, did then and there unlawfully while in the course of committing theft

of property owned by ROBBIE E. RAY, and with intent to obtain and maintain control of the property, intentionally or knowingly threaten or place ROBBIE E. RAY in fear of imminent bodily injury or death, by using or exhibiting a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated robbery as alleged in the indictment. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will next consider whether or not the defendant is guilty of the offense of robbery. Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of November, 1983, in Harris County, Texas, the defendant, Clifton Franklin, committed the offense of robbery, as defined herein, but you have a reasonable doubt as to whether he exhibited a deadly weapon, namely, a gun, then you will find the defendant guilty of robbery.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either aggravated robbery or robbery, but you have a reasonable doubt as to which offense he is guilty, then you must find the defendant guilty of the lesser offense of robbery.

If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge, then you will find the defendant not guilty.

■ This charge does more than define the relevant principles of law; it clearly sets forth, and does not leave the jury to speculate about, which specific acts would constitute the offense of robbery. Appellant argues that the charge confuses the jury "by compelling the jury to look to the abstract definitions of robbery," implying that "robbery," as improperly defined, includes the use of a deadly weapon per se. Robbery is correctly defined and requires only a threat that would cause fear of such a nature as would induce a person to surrender his property against his will. *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Crim.App.1964); *cf. Peebles v. State*, 138

Tex.Crim. 55, 134 S.W.2d 298 (1939). The jury is referred to the definitional section of the charge, where the offense of robbery is defined as follows:

A person commits the offense of robbery, if, in the course of committing theft, as that term is hereinafter defined, and with intent to obtain and maintain control of property of another, he intentionally and knowingly threatens or places another in fear of imminent bodily injury or death.

Contrary to appellant's assertion, this definition of robbery plainly does not include the use of a deadly weapon, and is distinguished from the definition of "aggravated robbery," which immediately follows in the charge:

The offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon.

■ We conclude that the charge clearly, fairly, and comprehensively applies the law of robbery to the facts of the case.

Appellant's second ground of error complains that the application paragraph of the charge deleted an essential element. Although the definitional portion specified that the jury must find that the robbery, if any, was committed "while in the course of committing theft," the application paragraph merely directed the jury to that definition without including such element in the application paragraph.

■ We find that the charge, although not perfect, fairly leads the jury to decide the appropriate issues of fact and is not confusing. The cases on which appellant relies—*Hill v. State*, 640 S.W.2d 879 (Tex. Crim.App.1982), and *Williams v. State*, 547 S.W.2d 18 (Tex.Crim.App.1977)—have been superceded by *Almanza*. Appellant has not met the more stringent demands of *Almanza* to be entitled to a reversal.

■ A jury charge that allows a conviction on a lesser-included offense is not thereby reversible error where the evidence supports the greater offense, as in the instant case. *See Sullivan v. State*, 646 S.W.2d 679 (Tex.App.—San Antonio 1983,

no pet.); *Curtis v. State*, 573 S.W.2d 219 (Tex.Crim.App.1978); Tex.Code Crim.P. Ann. art. 40.03(9) (Vernon 1979).[1]

Finding no egregious error in the jury charge, we overrule the first five grounds of error. The appellant has not shown that he was deprived of a fair and impartial trial.

The sixth and seventh grounds of error are argued jointly. The sixth ground asserts that the trial court erred in overruling appellant's motion to examine the offense report of the Houston Police Department for purposes of cross-examination of police officers and in failing to include such instrument in the record for appellate review. The seventh ground asserts that the trial court erred in overruling appellant's motion to examine and inspect the written instrument used by the State's witnesses to refresh their memories when the contents of the written instrument became an issue before the jury.

During the course of cross-examination of David Pali and Terry Gildenhause, Houston police officers, appellant sought to obtain the offense report that the officers used to refresh their memories before testifying at the trial. Officer Pali, on cross-examination by defense counsel, stated that Officer Kalinowski prepared the report, and that Kalinowski arrived on the scene approximately fifteen seconds after he had arrived.

■ Generally, a defendant is not entitled to pretrial discovery of written statements of witnesses that constitute the State's "work product." Tex.Code Crim.P. Ann. art. 39.14 (Vernon 1979). "Work product" includes prosecution files and papers; police, offense, and investigation reports; worksheets; and factual memoranda concerning the arrest of the defendant or investigation of the case by the State. *See Brem v. State*, 571 S.W.2d 314, 322 (Tex. Crim.App.1978).

Two rules control under which a defendant may inspect documents, reports, and statements in the possession of the prosecution that are otherwise not discoverable:

(1) Under the "Gaskin rule," a defendant has the right to examine the written statement or report of a prosecution witness for the purpose of cross-examination and impeachment, if a demand for inspection is made *after the witness has testified on direct examination*. *Gaskin v. State*, 172 Tex.Crim. 7, 9, 353 S.W.2d 467, 469 (1961) (op. on reh'g); *Mendoza v. State*, 552 S.W.2d 444, 447 (Tex.Crim.App.1977);

(2) The "use before the jury rule" provides that a defendant has the right, upon specific and timely request, to inspect any documents, reports, or statements that have been used before the jury in such a way that the contents become an issue. *Mendoza*, 552 S.W.2d at 448.

■ The "Gaskin rule" does not require production of a report or statement for the cross-examination of a witness who did not make the report or statement, even if it was used by the non-maker witness before testifying. *Artell v. State*, 372 S.W.2d 944, 945 (Tex.Crim.App.), *cert. denied*, 375 U.S. 951, 84 S.Ct. 439, 11 L.Ed.2d 312 (1963); *cf. White v. State*, 496 S.W.2d 642, 646 (Tex.Crim.App.1973). Nor is it required that the witness use the statement to refresh his memory for the defendant to be entitled to disclosure. *Martin v. State*, 577 S.W.2d 490, 491 (Tex.Crim.App.1979). However, the "use before the jury rule" provides that the item need not have been prepared by the testifying witness to be discoverable. *See Hoffpauir v. State*, 596 S.W.2d 139 (Tex.Crim.App.1980); *Rose v. State*, 427 S.W.2d 609, 612 (Tex.Crim.App. 1968) (Onion, J., concurring). Authorship of the item is irrelevant. The rule applies regardless of whether the use occurs during the examination of a defense witness or

---

**1.** Art. 40.03(9) provides in pertinent part:

A verdict is not contrary to the law and evidence ... where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved.

246 ■

of a prosecution witness. *White v. State,* 478 S.W.2d 506, 512 (Tex.Crim.App.1972).

■ The appellant's argument that "Due Process" requires that the Gaskin rule should apply, because Officer Kalinowski was not present at trial, has no merit. An offense report prepared by another and reviewed by the witness is not available to the defendant *where its contents have not become an issue before the jury. Kemner v. State,* 589 S.W.2d 403, 408–09 (Tex.Crim. App.1979). Since Officers Pali and Gildenhause did not make the offense report, nor did they adopt the report's statements that were the focus of cross-examination, the sixth ground of error is accordingly overruled.

■ The "use before the jury rule" requires that a defendant have the right to examine upon request a document shown to a witness while testifying, a document identified by a witness, or a document read aloud to the jury, if the witness has been informed that the document or statement is being referred to during the examination. The rule does not permit a defendant to inspect statements or documents that are *not* brought to trial, testified from, brought to the attention of the witness, read aloud to the witness, or brought to the attention of the jury as the basis for the examination of the witness. *See Mendoza,* 552 S.W.2d at 448; *Jones v. State,* 493 S.W.2d 933, 937 (Tex.Crim.App.1973). When the "use before the jury" rule requires disclosure of evidence, and the trial court does not compel its disclosure upon the timely request of the defendant, it constitutes reversible error. The defendant is not required to show that harm resulted from the error to be entitled to a reversal. *Mendoza,* 552 S.W.2d at 448.

■ In the instant case, the police report was not used in any manner by the State while in the courtroom, but was used only by the officers to refresh their memories prior to trial. *Kemner,* 589 S.W.2d at 408. The testimony cited in appellant's brief does not establish that the contents of the police report became an issue before the jury; therefore, the defendant was not entitled to the police report under the "use before the jury" rule.

■ If the defendant has the *Gaskin* right to inspect a statement or report, and the court erroneously fails to order its disclosure, merely objecting to the court's action is not sufficient to preserve the error for appeal. It is necessary to designate the report specifically for inclusion in the appellate record under Tex.Code Crim.P.Ann. art. 40.09, sec. 2 (Vernon Supp.1985), *see Zanders v. State,* 480 S.W.2d 708, 711 n. 4 (Tex.Crim.App.1972), or to ask that it be sealed and forwarded to the Court of Criminal Appeals for its inspection. *Toler v. State,* 546 S.W.2d 290, 295 (Tex.Crim.App. 1977); *Moore v. State,* 509 S.W.2d 349, 352 (Tex.Crim.App.1974).

> *[W]hen requested,* the trial court must order the statement incorporated in the appellate record to afford the accused an opportunity to show injury, if any. Where ... the appellant demonstrates that he was entitled to inspect the prior statement of the witness and the court erred in failing to order its production, and, further, *after adequate post trial request,* also fails to incorporate the statement in the appellate record, reversible error has been committed because the appellant has been denied the opportunity to prove harm to this court.

*Zanders,* 480 S.W.2d at 710–711 (footnote omitted) (emphasis added); *see also, White,* 496 S.W.2d at 646.

■ The request to the trial court should be made before the record is approved, while the trial court still has jurisdiction. *See Moore,* 509 S.W.2d at 352; *Darrington v. State,* 493 S.W.2d 244, 246 (Tex.Crim.App.1973). Harm is determined by considering whether the defendant was denied effective cross-examination or possible impeachment of the witness because of the failure to disclose the evidence. *Mendoza,* 552 S.W.2d at 447.

In *Leal v. State,* 442 S.W.2d 736 (Tex. Crim.App.1969) (Onion, J., concurring), appellant's counsel attached the offense report to the record at the time of the court's

refusal to allow inspection, but failed to take the appropriate action *after trial* to have it incorporated by designation in the appellate record. Nothing was presented for review, as is true in the instant case.

The seventh ground of error is accordingly overruled, and the judgment of the trial court is affirmed.

Judgment rendered and opinion delivered November 21, 1985.