IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-321-CR





ROBERT EARL JONES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 104,481, HONORABLE JON N. WISSER, JUDGE 



 




 After the jury found appellant guilty of the offense of robbery, Tex. Penal Code
Ann. § 29.02 (West 1989), punishment, enhanced by prior felony convictions, was assessed by
the court at thirty-five years' confinement. Appellant asserts three points of error, urging that: 
(1) trial counsel was ineffective in representing appellant; (2) the evidence was insufficient to
support the conviction of robbery; and (3) the trial court erred in restricting the testimony read
back to the jury in response to its question on fear of imminent bodily injury or death. We
overrule appellant's points of error and affirm the judgment of the trial court.

 We address appellant's second point of error challenging the sufficiency of the
evidence at the outset, in order that a review of the factual background may lend clarity to our
analysis of appellant's other points of error. Specifically, appellant challenges the sufficiency of
the evidence to support the jury's finding that appellant placed anyone in fear of imminent bodily
injury or death. Section 29.02(a)(2) provides that a person commits the offense of robbery if, in
the course of committing theft, and with the intent to obtain or maintain control of the property,
he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or
death."

 Kevin Houston, an employee at the Circle K convenience store in Del Valle,
testified that during the early morning hours of July 16, 1990, appellant came to the counter where
Houston was standing and said, "This is a robbery." Houston first thought appellant was joking,
but after observing appellant further, concluded that "he really meant it." Appellant had a bag
in one hand, and the other hand in his pocket. Houston saw something in the pocket where
appellant had his hand. Houston "didn't want to take any chances" and ordered a lady customer
to leave the store with her baby. The appellant directed the assistant-manager who had been in
the back room of the store to remove the money from a register and place it in appellant's bag. 
Appellant then "hit" a second register and said, "[P]ut the money in the bag. . . . Put the food
stamps and everything else in there." Houston helped the assistant-manager remove the contents
from the second register. Houston related that he asked the woman customer to leave the store
"for the safety of her and the baby. No telling what goes on when a robbery happens." In
response to a question from defense counsel as to whether he was in fear of imminent bodily
injury, Houston answered in the affirmative. Houston felt that "somebody could have been hurt
or worse at that point."

 In Cranford v. State, 377 S.W.2d 957 (Tex. Crim. App. 1964), the victim was
handed a note by the defendant that stated, "Give me your money," and "[defendant] pulled his
coat back, . . . as if going for a gun." The court concluded that the victim's fear was such as is
likely to induce a person to part with his property against his will. See Franklin v. State, 702
S.W.2d 241, 244 (Tex. App.--Houston [1st Dist.] 1985, no pet.).

 When reviewing a challenge to the sufficiency of the evidence to support a
conviction, an appellate court must determine whether, viewing the evidence in the light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Butler
v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). A reviewing court should not substitute
its determination of guilt for that of the fact finder unless it is found to be irrational or
unsupported by the evidence, such evidence being viewed under the standard set forth in Jackson. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). "[I]t is enough that the
conclusion of guilt is warranted by the combined and cumulative force of all the incriminating
circumstances." Brandley v. State, 691 S.W.2d 699, 703 (Tex. Crim. App. 1985).

 Viewing the combined and cumulative force of all the incriminating circumstances
in the light most favorable to the conviction, we conclude that a rational trier of fact could have
found that appellant placed a person in fear of imminent bodily injury or death. We find the
evidence sufficient to support the conviction. Appellant's second point of error is overruled.

 In his first point of error, appellant asserts that trial counsel was ineffective in that
(1) counsel failed to seek out and interview witnesses; (2) counsel relied on the testimony of
Charles Bradford that he was the person who committed the robbery; (3) counsel failed to object
to the testimony of a parole case worker regarding Bradford's testimony at a parole hearing; and
(4) counsel did not object to the opinion testimony of Officer Ridk regarding appellant's veracity. 
The standard by which we judge whether a defendant received reasonable assistance was reviewed
in Haynes v. State, 790 S.W.2d 824, 826 (Tex. App.--Austin 1990, no pet.):


 In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1980), the Supreme Court held that in order to show ineffective
assistance of counsel, a convicted defendant must (1) show that his trial counsel's
performance was deficient, in that counsel made such serious errors he was not
functioning effectively as counsel, and (2) show that the deficient performance
prejudiced the defense to such a degree that appellant was deprived of a fair trial. 
In this connection, a strong presumption exists that counsel rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment. "Prejudice," however, is demonstrated when the convicted
defendant shows a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." 
No mechanistic formula was provided by Strickland. "The benchmark for judging
any claim of ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as
having produced a just result."


(Citations omitted).


 The difficulty of evaluating an attorney's performance from the perspective of
counsel at the time decisions are made in the course of the trial is emphasized in Miniel v. State,
831 S.W.2d 310, 323 (Tex. Crim. App. 1992):


 A fair assessment of attorney performance requires that every effort be made to
eliminate the distorting effects of hindsight, to reconstruct the circumstances of
counsel's challenged conduct, and to evaluate the conduct from counsel's
perspective at the time. Because of the difficulties inherent in making such
evaluation we must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance i.e., the defendant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.



(Emphasis added).

 Appellant urges that trial counsel's failure to seek out and interview potential
witnesses resulted in the denial of a viable defense. Appellant testified at the hearing on the
motion for new trial that he furnished counsel with the names of four alibi witnesses. Trial
counsel's testimony at the hearing reflects that appellant furnished him with a written list of
persons who could place him at his wife's birthday party at a time specified on the list as
11:00 p.m. on July 16, 1990. When counsel advised appellant that the offense occurred at one
o'clock on the morning of the 16th, appellant changed his story and stated that the party lasted
three or four days. Counsel testified that in addition to the change in the time of the party, the
alibi defense was further diminished by appellant's telling him that he would have no trouble
finding the witnesses, "three or four of them are in the jail or in the penitentiary." In addition,
counsel felt the use of these witnesses was questionable because he had learned that mind altering
or illicit substances were used at the party. Counsel felt that appellant's best defense was to place
on the stand the person who had confessed to the robbery that forms the basis of the instant
offense.

 At the motion for new trial, Ola Jones, sister of appellant, and Calvina Jackson
testified that they had seen appellant at the birthday party. Both Jones and Jackson were on the
list of witnesses appellant furnished trial counsel. Jones testified that she remembered the party
on the 16th, but could not remember whether she saw appellant on the 15th or the early morning
of the 16th. Jackson testified that she was at the party about one o'clock on the morning of the
16th. Jackson stated, "Where I get confused at is I'm not sure it was time he [appellant] was
walking around." Trial counsel's failure to call witnesses is irrelevant absent a showing that such
witnesses were available and appellant would benefit from their testimony. Kizzee v. State, 788
S.W.2d 413, 416 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd). The testimony of Jones and
Jackson has little, if any, probative value in establishing an alibi for appellant. Viewing trial
counsel's conduct from his perspective, it is difficult to fault his decision to rely on the testimony
of a person who had confessed to the crime rather than depend on alibi witnesses whose testimony
would be of questionable value.

 Appellant's next complaint regards trial counsel's allowing Charles Bradford to
testify that he was the one who committed the offense in light of the State's subsequent
impeachment of Bradford's testimony. Trial counsel testified that appellant "swore up and down
to me that they [Bradford and appellant] had never been together, they had never been in the same
cell." Bradford testified that he had not seen appellant since 1985. The State impeached
Bradford's testimony by introducing evidence that Bradford and appellant were in the same cell
prior to appellant's trial. Appellant urges that his trial counsel should have offered testimony of
prior consistent statements by Bradford to his attorney that he (Bradford) had accepted
responsibility for the offense from the first time he talked with his lawyer under Tex. R. Crim.
Evid. 801 (e)(1)(B). A prior consistent statement must be made prior to the time that there was
a motive to testify falsely in order to be admissable under Rule 801(e)(1)(B). Campbell v. State,
718 S.W.2d 712, 716-17 (Tex. Crim. App. 1986). There is nothing in the record to show when
Bradford confessed to his attorney, nor did appellant offer any evidence at the motion for new trial
to show that the prior consistent statement was made prior to the time that there was a motive to
testify falsely.

 Appellant asserts that trial counsel should have objected to the testimony of parole
case worker Torey Rogge that she had heard Bradford testify at a parole revocation hearing that
the robbery at the Circle K occurred between 5:30 and 6:30 in the evening. Prior to Rogge's
testifying, Bradford had testified that the robbery occurred "about 1:00." Trial counsel may have
considered Rogge's testimony admissible under Tex. R. Crim. Evid. 801(e)(1)(A), as an
inconsistent statement she heard Bradford make under oath. In such event, appellant urges that
counsel should have requested that the remainder of Bradford's testimony at the parole hearing
be admitted under the doctrine of partial completeness or Tex. R. Crim. Evid. 801(e)(1)(B). The
remainder of Bradford's testimony was not developed at the motion for new trial. Appellant has
failed to show how he was harmed by the lack of this evidence.

 Appellant contends that trial counsel should have objected to the testimony of
Officer Ridk that he knew the character of appellant for truth and veracity and that in his opinion
appellant was not to be believed under oath. Appellant cites no authority to support this
contention. Trial counsel may have concluded that the testimony was admissible under Tex. R.
Crim. Evid. 608(a)(1), which permits the credibility of a witness to be attacked in the form of
opinion evidence as to character for truthfulness or untruthfulness.

 We conclude that appellant has not overcome the presumption that the challenged
actions of trial counsel could be considered sound trial strategy. Viewing the totality of
appellant's representation at trial, we hold that the assistance of counsel was within the wide range
of reasonable professional assistance. Appellant's first point of error is overruled.

 In his third point of error, appellant asserts the trial court unfairly restricted the
testimony read back to the jury in response to its question on fear of bodily injury. After the
court instructed the jury to be more specific and gave it a form on which to list the attorney who
had asked the questions, the jury requested the testimony concerning bodily injury made in
response to a question from the State. The court had the court reporter read the following two
questions and answers to the jury:


 Question [Prosecutor]: Did you think somebody could have been hurt or worse at
that point?


 Answer [Houston]: Yes, you can't take chances on stuff like that.


 Question: Could that have been yourself?


 Answer: Yes.



 Trial counsel's objections were that the court should have advised the jury that
there was no testimony showing that Houston was in fear of bodily injury or death, and that the
portion of the testimony read to the jury constituted a comment on the weight of the evidence. 
At appellant's request the following additional testimony was read to the jury:


 Question [Prosecutor]: Did you know what, if anything, he might have in his
pocket?


 Answer [Houston]: They teach us not to take any chances on stuff like that. Don't
gamble, because-- just give them the money; it's not worth it.



 Appellant's complaint on appeal that the court unfairly restricted the testimony read
back to the jury does not comport with appellant's objections made at trial that there was no
evidence of the disputed issue and the testimony read to the jury constituted a comment on the
weight of the evidence. Objection on appeal must comport with the objection at trial, or nothing
is preserved for review. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

 In addition, we find Jones v. State, 706 S.W.2d 664, 666-68 (Tex. Crim. App.
1986), cited by appellant, distinguishable from the instant cause. In Jones, the court had the
reporter read to the jury certain testimony given by a witness on direct examination. Defendant
specified certain portions of the cross-examination of the witness he wanted read to the jury. 
Unlike the instant cause where the court granted appellant's request for additional testimony of
the witness read to the jury, the court denied the defendant's request in Jones. Appellant's third
point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Justices Jones, B. A. Smith and Davis*]

Affirmed

Filed: February 3, 1993

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).