**Leroy CRANFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36712.**

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied May 6, 1964.

Robert O'Donnell, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is robbery; the punishment, eighteen years confinement in the state penitentiary.

Mrs. Mae Moore, a cashier in Wyatt's Food Store No. 1, and prosecuting witness, testified that on the day in question appel-

lant walked up to the cashier stand, borrowed a pen and then walked off. Appellant was observed by Mrs. Moore in a line at a checking counter a short time later whereupon she requested the checker to get the pen when appellant came through the line.

When Mrs. Moore had returned to the cashier's booth, appellant walked toward her and dropped a note into the booth which read, "Give me your money." Mrs. Moore's testimony concerning the incident is as follows:

"Q: After this defendant Leroy Cranford handed you this note which had written on it, 'Give me your money,' what, if anything, did you say or do?

"A: I said, 'Are you kidding?'

"Q: And when you said, 'Are you kidding,' what did this defendant do?

"A: He said, 'No' and then he pulled his coat back, reaching, as if going for a gun.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q: All right, and when he did that, Mrs. Moore, what did you do?

"A: Well, I was kind of upset.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q: &ast; &ast; &ast; Mrs. Moore, when you gave this defendant over here your money, were you in fear of your life or serious bodily injury?

"A: Yes, Yes I was.

"Q: All right, when he reached for his back pocket, you became in fear, didn't you?

"A: Yes, I was.

"Q: And you gave him this money then—for technical purposes—without your consent?

"A: I sure did."

Mrs. Moore testified that before appellant left the store she told the grocery manager, "You ·see this man going there, he has my money."

Later the same day Mrs. Moore identified appellant in a police line-up. Appellant was also identified in the courtroom by Mrs. Moore.

Patrick Gerald Bordens testified that he was parked outside of Wyatt's store waiting for his mother on the day in question; that appellant parked beside Bordens' car and went into the store; that he·later came running down the sidewalk by the side of the store, jumped in the car and "took off" and that he (Bordens) was able to get the license number of the car.

Through Detective George Boyce and Officer F. M. Turner, of the Dallas Police Department, it was ascertained that the car in question was located that same day in the rear of appellant's apartment and that the officers went into the apartment and placed appellant under arrest.

During the alleged robbery, appellant possessed no arms so far as is disclosed.

Appellant called no witnesses nor did he take the stand in his own behalf. · He did file a motion for an instructed verdict which was overruled. The basis of the motion was that the conduct, acts and language of the defendant were insufficient to put the cashier, Mrs. Mae Moore, in fear of her life or serious bodily injury and that the evidence was insufficient to support a conviction for robbery by assault as a matter of law. Appellant also urged this point in his amended motion for new trial, his Bill of Exception and by brief and oral argument.

■ It is well settled that to constitute the crime of robbery there must be violence, or intimidation of such character that the injured party is put in fear. The fear must be of such nature as· in reason and common experience is likely to induce a person to part with his property against his will. Easley v. State, 82 Tex.Cr.R. 238, 199 S.W. 476.

In Horn v. State, 89 Tex.Cr.R. 220, 230 S.W. 693, it was stated, If there exists reasonable belief that injury will result from noncompliance with the robber's demand, the necessary fear is present.

■ The fear must arise from the conduct of the accused however, rather than the mere temperamental timidity of the victim.

■ It is also well settled that robbery may be committed where the robber makes his victim believe that he has a weapon. Anderson v. State, 153 Tex.Cr.R. 501, 221 S.W.2d 268; Bartley v. State, 151 Tex.Cr.R. 88, 205 S.W.2d 600; Bryant v. State, 129 Tex.Cr.R. 438, 87 S.W.2d 722.

In the Anderson case, the prosecuting witness was in the office by himself when the defendant came in and by several threatening gestures with his hand in the pocket of a Navy peajacket put his victim in fear of life or bodily injury. He created the impression he had a weapon which he intended to use to force the victim to hand over the money and this court affirmed his conviction for robbery.

In the Bartley case, appellant took the stand and admitted taking the money from the parties by making them believe he had a pistol in his coat pocket. He contended that at the time he was under the influence of narcotics.

In the Bryant case, it was held that evidence that the owner of the slot machine started toward the accused when he saw a companion of the accused put his hand in his coat and told the owner to keep his mouth shut, and testimony of the owner that he was afraid to attempt to stop the robbers was held sufficient to sustain the conviction of robbery as showing fear of injury as required under Art. 1408 of the Penal Code. It was further shown in that case that accused was in the company of two companions.

Appellant relies on Peebles et al. v. State, 138 Tex.Cr.R. 55, 134 S.W.2d 298 in support of his contention. In that case, it was shown that at the time of the alleged robbery, a co-defendant of Peebles stated that if prosecutrix refused to give him her money, "He would 'leave her like he left a woman the night before.'" This was held insufficient to show "putting in fear," where there was no showing of violence, and prosecutrix claimed to have been robbed on a sidewallk over which hundreds of people were passing.

In the Peebles case the accused made no gesture or act which would cause the prosecutrix to believe him to be in possession of a weapon. This we find to be the distinguishing feature between Peebles and the case at bar.

■ In the instant case, appellant moved his hand to his back pocket in such a manner as to cause the prosecuting witness to believe he was in possession of a pistol, and thus her fear was justified. Therefore, relying upon Anderson v. State, Bartley v. State, Bryant v. State and Horn v. State, supra, we find appellant's contention without merit.

■ The evidence is sufficient to support the verdict, and no reversible error appears.

The judgment is affirmed.