**Clinton JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43787.**

Court of Criminal Appeals of Texas.

May 26, 1971.

James M. Bowers, Pampa, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; the punishment was assessed by a jury at 6 years confinement in the Department of Corrections.

The sufficiency of the evidence to support a conviction for robbery by assault is challenged.

Jess Swetnam testified that the appellant and another man came to his house in Wheeler at approximately 2 or 3 A.M. on June 3, 1969. He was asked what happened when they woke him up, and he replied: "Well, they were wanting some money. The fellow claimed his wife was having a baby out there in the car and wanted some money to get her to the hospital." He stated that he started to give him some money and "He grabbed my pocketbook out of my hand, and said give that to him, and throwed me down or pushed me down, or something." He later testified that "I was going to give him two or three dollars, enough to get him some gasoline, and he grabbed my purse out of my hand."

Although the evidence shows that an assault was committed upon the complaining witness, an examination of the record fails to show that there was either actual or threatened violence to him prior to the taking of the property in question. It is well settled that to constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear. The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will. Cranford v. State, Tex.Cr.App., 377 S.W.2d 957; Van Arsdale v. State, 149 Tex.Cr.App. 639, 198 S.W.2d 270. See also Polk v. State, 157 Tex.Cr.R. 75, 246 S.W.2d 879; Alaniz v. State, 147 Tex.Cr.R. 1, 177 S.W.2d 965; Gonzales v. State, 143 Tex.Cr.R. 48, 126 S.W.2d 492.

The mere snatching of money from another's hand is not robbery, but is theft from the person. See Jarrott v. State, 96 Tex.Cr.R. 239, 257 S.W. 256; Johnson v. State, 35 Tex.Cr.R. 140, 32 S.W. 537. We conclude that the evidence is insufficient to support the verdict. See Hodges v. State, Tex.Cr.App., 383 S.W.2d 421.

The judgment is reversed and the cause remanded.