**Eric Rafon WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–01069–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 2, 1992.

**615**

Joy Vandervort, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Mark Ellis, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

OPINION

DUNN, Justice.

A jury found appellant guilty of robbery, found the allegations of two enhancement paragraphs to be true, and assessed appellant's punishment at confinement for 60 years. The issue in this case is whether the evidence was sufficient to support appellant's conviction for robbery by threat. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). We affirm.

On April 28, 1990, William G. Davis was working as the manager of a store and washateria called Goodland Food Mart. To prepare for the next shift, Davis removed money from the cash register and counted the money at a small table adjacent to the register. As he counted the money, Davis saw appellant walk into the front door and move toward the beer cooler.

Appellant selected a can of beer from the cooler and walked up to the register. Davis observed that appellant had on only blue jeans and that appellant's eyes were "red as fire" and that he seemed to be "under the influence of something." The money was out of the register, near a brown towel. Appellant stood directly in front of the register, leaned toward the register, with his face very close to Davis, looked directly at Davis, and stated, "We are going to do it like this; give me all the money, put the money in the towel; and I'm serious." Davis asked appellant if he were sure about what he was saying, and appellant said: "[P]ut the money in the towel, and we are going to do it like this, and I'm serious." During this time, Davis reached behind him, attempting to get a metal pipe. He testified that he was afraid of appellant because he felt that appellant would cause him bodily injury. He again asked appellant, "[A]re you sure of what you are saying?"; appellant then "giggled real funny and grab the bill and run out the place and run out the place behind him and he went down the street just giggling and hollering."

Houston Police Officer C.E. Turner testified that he was a patrol officer and was the first law enforcement officer to arrive on the scene. Turner reported that Davis told him only that appellant left the store without paying for a beer. Turner classified the report as a theft under $20. Davis testified that he told Turner about the threatened robbery.

In his sole point of error, appellant claims the evidence adduced at trial is insufficient to support a conviction for robbery by threat because the record fails to show that appellant threatened or placed the complainant in fear of imminent bodily injury or death.

■ An appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Sufficiency of the evidence is a question of law. The appellate court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt, beyond a reasonable doubt, and if the trier of fact believes that evidence, this Court is not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.* at 867; *Glass v. State*, 761 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1988, no pet.). The jury, as the trier of fact, is the sole judge of the credibility of witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986). The jury may believe or disbelieve all or any part of a witness' testimony. *Sharp*, 707 S.W.2d at 614. A jury may believe a witness even though his testimony is contradicted. *Id.*

■ Appellant does not dispute the theft of a can of beer, but contends that evidence adduced by the State was insufficient to show that he threatened or placed the complainant in fear of bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). In order to prove the offense of *robbery*, the accused must have made actual or threatened overtures of violence to the person of another, such that the threatened or injured party was put in fear. *Green v. State*, 567 S.W.2d 211, 213 (Tex. Crim.App.1978); *Jones v. State*, 467 S.W.2d 453, 454 (Tex.Crim.App.1971). The fear must be likely to induce a reasonable person to part with property against his will. *Franklin v. State*, 702 S.W.2d 241, 244 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ We note that an element of the crime of robbery, *"places* another in fear of imminent bodily injury," TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989) (emphasis added), differs from an often compared, but vastly dissimilar element for the crime of assault, *"threatens* another with imminent bodily injury," TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989) (emphasis added). The general, passive requirement that another be "placed in fear" cannot be equated with the specific, active requirement that the actor "threaten another with imminent bodily injury." Under the "placed in fear" language in section 29.02 of the Texas Penal Code, the factfinder may conclude that an individual perceived fear or was "placed in fear," in circumstances where no actual threats were conveyed by the accused. *Wilmeth v. State*, 808 S.W.2d 703, 706 (Tex.App.—Tyler 1991, no pet.) (jury may find requisite fear from menacing glance and a hand gesture, even where no verbal threats were made).

■ The dissent contends that reasoning in the case of *Devine v. State*, 786 S.W.2d 268 (Tex.Crim.App.1989), is dispositive of the present case. In *Devine*, the defendant had formerly been married to the complainant. After the couple divorced, the defendant called the complainant on the phone numerous times, demanding money and threatening him and his wife and children with bodily harm or death if he failed to give her money. The complainant reported these threats to the police, who wired the complainant with a body microphone for a meeting with the defendant at a restaurant. The defendant was arrested and charged with robbery under section 29.-02(a)(2) of the Texas Penal Code. A jury

convicted the defendant, and her conviction was affirmed on appeal.

On petition for discretionary review, the Court of Criminal Appeals concluded that the defendant's threats in *Devine* were either made in the past or pertained to future conduct; the threats were not such as to place the complainant in fear of imminent bodily harm. The court indicated that the defendant told the complainant once, at an earlier meeting, that she was carrying a gun in her purse. *Devine*, 786 S.W.2d at 269. However, the transcripts of recordings of the defendant's conversations with the complainant prior to and at the restaurant meeting revealed no evidence of threats or conduct that would place the complainant in fear of imminent bodily injury or death at the restaurant when the money transfer took place. *Id.* at 270 n. 3. The *Devine* opinion noted that "[a]t no time during the encounter [at the restaurant] did appellant take any overt action, such as displaying a weapon." *Id.* at 271. There was no evidence that the defendant carried a gun at the restaurant or that she made any threatening movement with her purse. *Id.* The Court of Criminal Appeals noted in *Devine* that the defendant's conduct constituted coercion, as defined in section 31.01 of the Penal Code, as: "a threat, however communicated, to inflict bodily injury *in the future* on the person threatened or another ... as distinguished from robbery." *Devine*, 786 S.W.2d at 270 (emphasis added). The *Devine* opinion noted: "An offense involving threats of 'future' bodily injury was intended to be theft, not robbery. Ergo, consistently with this apparent intent [by the legislature] we construe 'imminent' bodily injury in § 29.-02(a)(2) ... to require a present, not a future threat." *Devine*, 786 S.W.2d at 270.

When considering whether a reasonable person would be placed in fear, we note that appellant's conduct in the present case was intensely and immediately focused on inducing Davis to part with the money. Testimony showed that appellant clearly articulated and reiterated his intent to take the money. The jury, as factfinder, was free to believe Davis' testimony that he was afraid of appellant and that Davis reached for a weapon to defend himself from appellant. The jury could have concluded that Davis reached for the pipe because the words and actions of appellant placed Davis in fear of being imminently harmed. *See Cranford v. State*, 377 S.W.2d 957, 958–59 (Tex.Crim.App.1964) (conduct of accused must give rise to fear).

Appellant's point of error is overruled. The judgment is affirmed.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. I do not think there was any evidence to support the appellant's conviction for robbery *by threat* under TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). I agree that the appellant left the convenience store without paying for the beer. I disagree that he accomplished the theft by threat.

When entering the store, he greeted Davis by calling out, "How are you doing, Mr. Hickman?" Davis has a nephew by the name of Hickman. Davis knew the appellant went to school with his nephew. The appellant was wearing blue jeans but was barefoot and shirtless.

After the appellant selected a can of beer from the cooler, he walked up to the register and saw the money out of the register, near a brown towel. The appellant looked directly at Davis and said,

> We are going to do it like this; give me all the money, put the money in the towel; and I'm serious.

Davis asked the appellant if he were sure about what he was saying, and the appellant responded:

> [P]ut the money in the towel, and we are going to do it like this, and I'm serious.

Davis testified that he was afraid of the appellant because he knew the appellant would cause him bodily injury. After the appellant asked for the money the second time, Davis reached under the counter for a piece of pipe. Davis asked the appellant if he was sure of what he was saying. The appellant then giggled real funny and

grabbed the beer and ran out the place, "just giggling and hollering."

Houston Police Officer C.E. Turner testified he was a patrol officer and was the first law enforcement officer to arrive on the scene. Turner reported that Davis told him only that the appellant left the store without paying for a beer. Turner classified the report as a theft under $20. Davis testified that he told Turner about the threatened robbery.

The appellant does not dispute that he stole a can of beer, but contends that evidence presented by the State did not show he threatened or placed the complainant in fear of bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). To prove the offense of robbery, the accused must have committed actual violence or have threatened violence to the person of another, such that the other party is put in fear. *Green v. State*, 567 S.W.2d 211, 213 (Tex.Crim.App.[Panel Op.] 1978); *Jones v. State*, 467 S.W.2d 453, 454 (Tex.Crim.App. 1971). The fear must be likely to induce a reasonable person to part with property against his will. *Jones*, 467 S.W.2d at 454; *Franklin v. State*, 702 S.W.2d 241, 244 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

The term "imminent," when referring to bodily injury in section 29.02(a)(2) requires the threat to be of an impending and immediate nature. *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim.App.1989). Neither past nor future threats or conduct is enough to satisfy the requirement of "imminent" harm. *See id.* at 270–71.

In *Devine*, the defendant and Cox, the complainant, had been married. Cox testified that once, during the marriage, the defendant held a gun to his head. Cox had been told by the defendant that she carried a gun in her purse. After the marriage ended, the defendant extorted money from Cox by threatening to kill him. In January 1985, the defendant demanded $2,500 and when Cox refused, she said she would kill him and his wife and do something to his two small children. Finally, Cox went to the police, who wired him for a meeting with the defendant. Cox met with the defendant at a restaurant, handed her an envelope, at which time the police arrested her. *Devine*, 786 S.W.2d at 269.

Cox testified during the meeting he was afraid that he would be killed, perhaps in the parking lot. If something went wrong with the arrest, he said he was afraid she would shoot him. At no time during the encounter did the defendant make any overt action, such as display a gun. *Devine*, 786 S.W.2d at 269. At the meeting, the defendant told Cox that she had almost had him killed the day before but she had cancelled the plan when he agreed to show up with the money. *Id.* at 270. The court held there was nothing in the record to show Cox was threatened with *imminent* bodily harm. *Id.* The court held there was nothing to indicate the defendant had acted in such a way as to place Cox in fear of imminent harm. *Id.* at 271.

The testimony in this case showed that the appellant twice said he was going to take the money, and that he was serious. There is no evidence that the appellant threatened Davis with *imminent* bodily harm or that he acted in such a way as to place Cox in fear of imminent harm. *Devine*, 786 S.W.2d at 270. The jury, as fact finder, was not free to interpret Davis' testimony, that he was afraid of the appellant, as a substitute for the element of placing Davis in fear of *imminent* bodily harm. *See Cranford v. State*, 377 S.W.2d 957, 959 (Tex.Crim.App.1964) (conduct of accused, not timidity of victim, must give rise to fear).

We should sustain the appellant's point of error and reverse the judgment and remand for the trial court to enter an order of acquittal.