NO. 12-03-00135-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ARCHIE WYNN,                                                §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Archie Wynn appeals his conviction for robbery,


 for which he was sentenced to
imprisonment for ten years. Appellant raises two issues on appeal. We affirm.

Background
            Timothy Williams was married to Bannie Williams, the victim. On July 30, 2002, the
Williamses drove to Green Acres Bowling Alley to celebrate their anniversary. At the bowling alley,
the Williamses became acquainted with Appellant. Appellant offered to buy the Williamses drinks;
the Williamses accepted. But when the time came for Appellant to pay for the drinks, he was two
dollars short, and Bannie had to cover the shortfall. Appellant offered to give the Williamses five
dollars if they would drive him home.


 The Williamses agreed to give Appellant a ride.
            The three got into the Williamses’ car and left the bowling alley. Timothy drove, while
Bannie rode in the front passenger seat; Appellant sat in the middle of the back seat. As they
traveled north toward Front Street, Timothy became concerned because they had driven so far. 
Appellant continued to give them directions. 
            Soon thereafter, Appellant said, “Don’t turn around.” Timothy testified that, out of the corner
of his eye, he saw Appellant making movements, such as putting his hand underneath his shirt near
his waistband as if he were hiding something. Appellant’s movements caused Timothy to believe
that Appellant had a gun. Bannie turned around and also saw Appellant fumbling under his shirt. 
Bannie testified that she thought, “Oh, my God. He’s going to do something.” Bannie further
testified that she believed Appellant had a gun. Appellant told Timothy to stop the car. Appellant
then stated, “.... Just give me the money, let me out, and y’all be on y’all’s way, and I’ll be on mine.” 
Bannie testified that she gave Appellant twenty dollars because she was scared and did not want to
do anything to risk her and her husband’s lives. Bannie stated that Appellant’s words and actions
caused her to be fearful of imminent bodily injury or death. 
            Once Bannie gave Appellant the twenty dollars,


 Appellant exited the car and ran away. 
Timothy testified that he did not confront Appellant when Appellant got out of the car because he
feared for his life. Nonetheless, the Williamses drove around in search of Appellant before Bannie
convinced Timothy to drive to the police station.
            Appellant testified in his defense and gave a different account of the events that evening. 
Appellant testified that while he rode in the Williamses’ car, the conversation turned to drugs. 
Appellant testified that he asked the Williamses to take him to a fish fry and paid them ten dollars. 
Appellant testified that when they arrived in that area, the Williamses gave him twenty dollars to get
them some marijuana. Appellant stated that if he could not find any marijuana, he would give the
money back to them. Appellant stated that he spoke to some people on the front porch of the house,
went inside for a few seconds, and returned to the porch. However, Appellant testified that when
he exited the house, the Williamses had left their vehicle and were standing on the front porch. 
Appellant acknowledged that although he had not procured any marijuana for the Williamses, he did
not return their twenty dollars to them. According to Appellant, a disturbance occurred and the
Williamses were told to drive around the block. Appellant testified that the Williamses drove away
and he did not see them again. Appellant also testified that he was guilty of theft. 
            The jury found Appellant guilty as charged on the count of robbery as to Bannie. But as to
Timothy, the jury found Appellant guilty of the lesser included offense of theft. This appeal
followed.

Evidentiary Sufficiency 
            In issues one and two, Appellant contends that the evidence is neither legally nor factually
sufficient to support the jury’s verdict with regard to his robbery conviction. Specifically, Appellant
argues that the evidence concerning his words and conduct was not sufficient to place a reasonable
person in Bannie Williams’s circumstances in fear of imminent bodily injury or death. 
Legal Sufficiency
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.–San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury’s verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried.” Id. 
            A person commits the offense of robbery if, (1) in the course of committing a theft, and (2)
with intent to obtain control of property, (3) he intentionally or knowingly threatens or places another
in fear of imminent bodily injury or death. See Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). 
 In order to prove the offense of robbery, the accused must have made actual or threatened overtures
of violence to the person of another, such that the threatened or injured party was put in fear. See
Williams v. State, 827 S.W.2d 614, 616 (Tex. App.–Houston [1st Dist.] 1992, pet. ref’d). The fear
must be likely to induce a reasonable person to part with property against his will. Id. Under the
general, passive requirement that another be “placed in fear,” the factfinder may conclude that an
individual perceived fear or was “placed in fear” in circumstances where no actual threats were
conveyed by the accused. Id.  
            In the case at hand, the record reflects that Bannie Williams thought Appellant had a gun
when he moved his hand under his shirt. Timothy testified that Appellant stated, “.... Just give me
the money, let me out, and y’all be on y’all’s way, and I’ll be on mine.” Bannie also testified that
Appellant stated that he would be on his way once he got what he wanted, and that she gave
Appellant the money because she was scared and did not want to risk her life or her husband’s life. 
Bannie stated that Appellant’s words and actions placed her in fear of imminent bodily injury or
death. We hold that the evidence was legally sufficient to support the jury’s finding that Appellant
was guilty of robbery.
Factual Sufficiency
            Turning to Appellant’s contention that the evidence is not factually sufficient to support the
jury’s verdict, we must first assume that the evidence is legally sufficient under the Jackson
standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all
of the evidence in the record related to Appellant’s sufficiency challenge, not just the evidence that
supports the verdict. We review the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute, and compare it to the evidence that tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports the verdict. Clewis,
922 S.W.2d at 133. Our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury’s verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 
            Appellant argues that it was irrational for the jury to determine that he was guilty of robbery
as to Bannie, but only of theft as to Timothy. Yet we fail to ascertain how, as Appellant contends,
the jury’s determination that one person, Timothy, was not placed in fear of imminent bodily injury
or death necessarily requires the same determination as to another person, Bannie, who specifically
testified that Appellant’s words and actions placed her in fear of imminent bodily injury or death. 
            Appellant further contends that the overwhelming evidence demonstrates that Bannie
Williams was not placed in fear of imminent bodily injury or death, which is indicated by the fact
that the Williamses immediately searched for Appellant after he fled their car. However, the record
further reflects that Timothy, not Bannie, was driving the car searching for Appellant. Further still,
the record indicates that Bannie convinced Timothy to abandon the search and drive to the police
station. Moreover, the fact that the Williamses drove around the area searching for Appellant does
not logically diminish Bannie’s testimony that Appellant’s words and actions placed her in fear of
imminent bodily injury or death. Our review of the record as a whole, with consideration given to
all of the evidence, both for and against the trial court’s finding, has not revealed to us any evidence
that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly
outweighed by contrary proof so as to render Appellant’s conviction clearly wrong or manifestly
unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court’s verdict. 
Appellant’s issues one and two are overruled.
Conclusion
Having overruled Appellant’s issues one and two, we affirm the trial court’s judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
(DO NOT PUBLISH)