Opinion issued November 24, 2004







 
 






 



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00740-CR




DAVID LYNN RAMEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 922787




MEMORANDUM OPINION

          Appellant, David Lynn Ramey, was indicted for aggravated robbery. Appellant
pleaded not guilty. A jury returned a conviction on the lesser-included offense of
robbery. Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 2003). Appellant elected to
have the trial court assess punishment. The court found the felony theft enhancement
true and assessed punishment at 10 years’ confinement. 
          In four issues, appellant contends that the evidence was legally and factually
insufficient to support his conviction because complainant’s testimony was not
credible and there was no other evidence to show that he intentionally or knowingly
threatened or placed complainant in fear of imminent bodily injury or death.
          We affirm.
Background
          Shortly after midnight on August 27, 2002, appellant called his friend, Gregory
Truitt, for a ride across town. Along the way, they stopped at a Chevron station at
Interstate-10 and Echo Lane for a cigarette lighter. The station was conducting its
business only through a cashier’s window at that hour. Truitt parked his green Ford
Explorer at the gas pumps, walked to the window, and purchased a lighter.
          Moments later, complainant, Zachary Greenwood, drove into the station for
cigarettes and parked in front of the window. Truitt noticed Greenwood’s loud stereo
and approached him for another lighter. When Greenwood turned to find one in his
console, Truitt instructed him to look over at the Explorer. Greenwood saw appellant
standing beside the Explorer, staring at him, with what appeared to be a gun at his 
side. Greenwood bolted from his car. Truitt got into Greenwood’s car and sped
away, with appellant following closely behind. The cashier, who did not see the
incident, called the police. Greenwood flagged down a passing police officer. 
          Later the same morning, Truitt was arrested in Greenwood’s car. Greenwood’s
stereo system had been removed. Days later, appellant was arrested in the Explorer. 
Greenwood identified Truitt and appellant in a photo lineup. Sufficiency Analysis
A.      Standards of Review
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The jury’s verdict must stand
unless it is found to be irrational or unsupported by more than a “mere modicum” of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); see
Jackson v. Virginia, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789 (1979) (defining “mere
modicum” of evidence as “any evidence tending to make the existence of an element
slightly more probable than it would be without the evidence”). Where evidence
exists to establish guilt beyond a reasonable doubt, and the fact finder believes that
evidence, we cannot reverse the judgment on sufficiency of the evidence grounds. 
Moreno, 755 S.W.2d at 867.
          Further, although we consider all of the evidence presented at trial, we may not
merely re-weigh the evidence and substitute our judgment for that of the fact finder. 
King, 29 S.W.3d at 562. When conflicting evidence is presented at trial, we presume
the fact finder resolved all conflicts in favor of the prevailing party. Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid
substituting our judgment for its judgment. Zuniga, 144 S.W.3d at 481-82. Our
evaluation may not intrude upon the fact-finder’s role as the sole judge of the weight
and credibility accorded any witness’s testimony. Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). The fact-finder alone determines what weight to
contradictory testimonial evidence because that question depends on how the fact-finder evaluates credibility and demeanor. Id. at 408. As the determinor of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 407.  
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
B.      Robbery
          A person commits robbery if, in the course of committing a theft and with
intent to obtain or maintain control of property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. Tex. Pen.
Code Ann. § 29.02(a)(2) (Vernon 2003). 
C.      Legal SufficiencyIn his first and third issues, appellant challenges the legal sufficiency of the
evidence to support his conviction because complainant’s testimony lacked credibility
and there was no other evidence that he intentionally or knowingly threatened or
placed complainant in fear of imminent bodily injury or death.
          It is well settled that to constitute robbery there must be violence or
intimidation of such nature that the injured party is put in fear. Cranford v. State, 377
S.W.2d 957, 958 (Tex. Crim. App. 1964). However, a person need not actually
possess a weapon to be convicted of robbery. Id. at 959. Threats may be
communicated through action, conduct, or words. Richardson v. State, 834 S.W.2d
535, 537 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). 
          The victim’s fear must arise from the conduct of the accused, rather than mere
timidity of the victim. Cranford, 377 S.W.2d at 959. The statute is satisfied where
the victim reasonably believes that he will be injured if he does not comply with the
robber’s demands. Id. We ask if the words and conduct of the appellant were
sufficient to place a reasonable person in the complainant’s circumstances in fear of
imminent bodily injury. See Williams v. State, 827 S.W.2d 614, 616 (Tex.
App—Houston [1st Dist.] 1992, no pet.); Welch v. State, 880 S.W.2d 225, 226-27
(Tex. App.—Austin 1994, no pet.). 
          In considering whether a reasonable person in Greenwood’s circumstances
would be placed in fear, we note that the incident took place at a gas station late at
night. Greenwood testified that Truitt approached as he was stepping out of his car,
asked for a lighter, and told him to look over at appellant. At that precise moment,
appellant stood about 20 feet from Greenwood, appeared to have a gun in his hand,
and was “looking dead at” Greenwood. Greenwood testified that he believed that
appellant and Truitt were working together, and he feared for his life. Greenwood
asserted that, due to the fact that it was late at night in Houston, he “pretty much knew
what was going to happen.” Consequently, he ran from his car, leaving behind the
keys and several items of personal property–including some irreplaceable record
albums he had used that night. This Court has held that “[t]he fear must be of such
nature as in reason and common experience is likely to induce a person to part with
his property against his will.” Knight v. State, 868 S.W.2d 21, 24 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d). A reasonable person in Greenwood’s circumstances could have deduced that
joint participation in the robbery had been orchestrated and that appellant intended
to physically force Greenwood to relinquish the car if it became necessary. The jury
was free to believe Greenwood’s testimony that he feared imminent bodily injury. 
See Williams, 827 S.W.2d at 617. Appellant asserts that the jury’s verdict of robbery,
rather than aggravated robbery, should have some bearing on our examination of the
sufficiency of the evidence. However, appellant cites no authority for this assertion,
and we know of none. Greenwood’s testimony was not rendered incredible simply
because the jury found against the presence of a deadly weapon. 
          Greenwood testified that Truitt stole his car, and Greenwood had no reason to
implicate appellant if appellant was not involved. Truitt’s veiled threat combined
with appellant’s posturing in such a way that it appeared he held a weapon were
sufficient for a jury to find that a reasonable person in Greenwood’s circumstances
would be placed in fear of imminent bodily injury. This Court has found that, under
the “placed in fear” language in Penal Code section 29.02, the jury could find the
requisite fear from a menacing glance and a hand gesture. Id. at 616. 
          As the exclusive judges of the facts, the credibility of witnesses, and the weight
to be given their testimony, the jury is free to believe or disbelieve any portion of a
witness’s testimony. McKinney v. State, 76 S.W.3d 463, 468-69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Viewing the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have found, beyond
a reasonable doubt, that Greenwood’s testimony was credible and established the
essential elements of robbery. 
          We overrule appellant’s first and third issues.
D.      Factual Sufficiency
          In his second and fourth issues, appellant challenges the factual sufficiency of
the evidence to support his conviction because complainant’s testimony lacked
credibility and there was no other evidence that he intentionally or knowingly
threatened or placed complainant in fear of imminent bodily injury. 
          As discussed in our legal-sufficiency review above, Greenwood testified that
appellant had a gun, glared at him menacingly, and appeared to be working with
Truitt. Further, Greenwood testified that he believed that appellant would hurt him
if he did anything other than give up his car. 
          Conversely, Truitt testified that there was no common plan; rather, he alone
conjured up the idea to steal Greenwood’s car on the spur of the moment, and
appellant was totally unaware of those intentions when appellant agreed to drive the
Explorer from the station. Truitt testified that he noticed Greenwood’s stereo system
while he was walking back to the Explorer, so he made conversation with Greenwood
by asking him for a lighter. Truitt asserts that he then returned to the Explorer. Upon
looking back at Greenwood’s car, he noted that Greenwood was at the cashier’s
window and had left his door open. Truitt testified that, at that point, he told
appellant to drive the Explorer, and Truitt ran back to Greenwood’s car. 
          Truitt’s girlfriend, Bony Mares, was a passenger in the Explorer that night. She
also testified that there was no common plan; rather, she and appellant were wholly
unaware of Truitt’s plan until they saw him jump into Greenwood’s car. Mares
asserted that, when Truitt told appellant to drive the Explorer, appellant merely
stepped out of the back seat and moved into the front seat without incident. 
          The jury was free to believe or disbelieve any portion of the testimony given
by Greenwood, Truitt, or Mares. See Gowans v. State, 995 S.W.2d 787, 789 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). The weight given to conflicting
testimony is within the sole province of the jury. Cain, 958 S.W.2d at 408-09. Here,
the jury found Greenwood to be a credible witness and chose to believe his version
of the events. From Greenwood’s testimony, a reasonable inference could be drawn
that appellant was working with Truitt and threatened Greenwood.
          Considering all the evidence neutrally, we hold that the jury’s verdict in this
case is not irrational, or clearly wrong and manifestly unjust, or contrary to evidence
so strongly that the standard of proof beyond a reasonable doubt could not have been
met. See Escamilla, 143 S.W.3d at 817.We overrule appellant’s second and fourth issues.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.      
                                                          
                                         
                                                                        Laura C. Higley 
                                                                        Justice
 

Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).