Opinion issued December 21, 2006

 








In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00414-CR






MARTIN YVENER KAHARA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 03CR3313






MEMORANDUM OPINION

 Appellant, Martin Yvener Kahara, appeals a judgment that convicts him of
felony stalking. See Tex. Pen. Code Ann. § 42.072 (Vernon 2003). He pleaded not
guilty to the jury, and the jury found him guilty. The trial court assessed punishment
at four years in prison. In two issues, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. The State moved to dismiss
appellant's appeal for want of jurisdiction, contending that appellant's notice of
appeal was not timely filed. We deny the State's motion, and conclude that the
State's evidence was legally and factually sufficient to support appellant's conviction.
We affirm.

JURISDICTION

 The State moves that this court dismiss the appeal for want of jurisdiction,
claiming that appellant failed to file written notice of appeal within the required 30
days after judgment is entered. See Tex. R. App. P. 25.2(b)-(c), 26.2. 

 A party wishing to appeal must file with the trial court clerk "a sufficient notice
of appeal" within 30 days of judgment. Tex. R. App. P. 25.2(b). Notice is sufficient
if it shows that the party desires to appeal from the judgment. Id. 25.2(c)(2). When
"an appellant has timely filed a document with the trial court that demonstrates his
desire to appeal, that document should be construed as a notice of appeal." Pharris
v. State, 196 S.W.3d 369, 372 (Tex. App.--Houston [1st Dist.] 2006, no pet.). A
document such as a motion to obtain the clerk's record and reporter's record is
sufficient to show that an appellant desires to appeal from the trial court's judgment. 
Cooper v. State, 917 S.W.2d 474, 477 (Tex. App.--Fort Worth 1996, pet. ref'd)
(concluding that request filed by defendant for free record was sufficient notice of
appeal); Buchanan v. State, 881 S.W.2d 376, 378 (Tex. App.--Houston [1st Dist.]
1994) (holding motion to obtain clerk's and reporter's record was sufficient
demonstration of desire to appeal), rev'd on other grounds, 911 S.W.2d 11 (Tex.
Crim. App. 1995); Massey v. State, 759 S.W.2d 18, 19 (Tex. App.--Texarkana 1988,
no pet.) (holding that written request for copy of record and appointment of appellate
counsel sufficiently demonstrated desire to appeal). If the last day of a designated
period "is a Saturday, Sunday, or legal holiday, the period extends to the end of the
next day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a).

 The trial court entered judgment and sentence on March 17, 2005. Appellant
gave oral notice of appeal to the trial court on April 6, and written notice of appeal
on April 21. On April 18, appellate counsel filed a "Written Designation Specifying
Matters for Inclusion in Clerk's Record" and a "Request for Preparation of Reporter's
Record and Designation of Matters to be Included." Because the last day of the 30-day period for filing notice of appeal fell on a weekend, notice of appeal was due on
the Monday after the thirtieth day, which was April 20. See Tex. R. App. P. 4.1(a). 
We conclude that appellant's notice of appeal was timely filed because the April 18
motions for designation of matters for the clerk's record and request for reporter's
record are sufficient to serve as written notice of appeal. We hold that appellant
timely filed a sufficient notice of appeal, and overrule the State's motion to dismiss.

SUFFICIENCY OF THE EVIDENCE

Background

 Complainant and appellant, both of whom worked at the University of Texas
Medical Branch in Galveston, began a romantic relationship in 1999. In August
2003, the couple broke up, only to reunite a few weeks later. That October, the two
broke up again. Complainant told appellant more than once that the relationship was
over. Complainant then tried to end all contact with appellant, avoiding or ignoring
his attempts to contact her. 

 On October 18, after complainant left work, she noticed that the hood was ajar
on her Ford Expedition, and that a strange smell was coming from the engine
compartment. The vehicle made "a funny tapping noise," but she was able to drive
it back to her house. After the vehicle was towed the following Monday for repair,
complainant learned that sugar had been poured into the oil reservoir, and six holes
had been punched in the condenser, necessitating replacement of the engine. 
Complainant reported the incident to the police department.

 Complainant believed appellant was responsible for the damage to her engine. 
She explained that the engine compartment could only be reached by operating a
lever in the Expedition's cab. Complainant stated that on the day the Expedition was
damaged, she noticed that the spare key to the Expedition was missing from her
residence. She testified that she had previously given appellant a key to her residence
and that only she and appellant had access to the missing key. Because the
Expedition did not have any sign of forcible entry, complainant believed a key was
used to enter it to cause the damage.

 While complainant's vehicle was being towed to the dealership for repairs,
complainant drove to the dealership in another automobile. Complainant made two
telephone calls on her way to the dealership. One was to her sister, asking for a ride
from the dealership to a rental car agency. The other was to appellant, asking him
why he had cancelled her AAA membership, which forced her to pay fees for towing
the Expedition. While complainant was waiting at the dealership, appellant arrived.
He refused to leave despite requests from complainant's sister, who asked him to
leave because complainant was becoming upset. Appellant finally left when he was
asked to by an employee of the dealership. Neither complainant nor her sister,
however, called the police to complain about appellant. 

 Throughout October 2003, appellant continued to contact complainant. He left
a number of messages on her cell phone's voice mail, some of which complainant
saved. He repeatedly drove by her house at all hours, sometimes parking on her
street. On one late-night visit, he rolled down his window and demanded that
complainant talk to him, but complainant refused to talk to him by remaining silent. 
She photographed his car as he drove away. Appellant followed complainant daily. 
Complainant had to check whether he was waiting on her street before she would
leave her house. She repeatedly contacted Galveston police about appellant's
behavior, finally making a November 3 appointment to meet with a domestic violence
detective. When she left that meeting, appellant was in his car across the street from
the police station parking lot. She called the detective to point out appellant. The
detective watched appellant circle the station slowly, watching complainant with "a
fixed glance like a dead stare[.]" The detective followed appellant in an unmarked
car, pulled him over, and asked why he was driving around the station. Appellant
said that he was going to the post office, which was two-and-a-half blocks from the
police station. The detective arrested appellant. On December 5, complainant was
granted a Family Violence Protective Order against appellant. 

 At trial, the State presented the testimony of complainant, complainant's sister,
and the detective with whom complainant met on November 3. The State also
showed the jury the photographs complainant took of appellant's car, and played back
some of the phone messages appellant left for complainant. Appellant's attorney
cross-examined the State's witnesses, but appellant did not take the stand or produce
any other evidence in his defense.

 In his appellate brief, appellant concedes that by placing telephone calls and
attempting visits he engaged in conduct directed specifically at complainant on more
than one occasion, pursuant to the same scheme or course of conduct; he claims he
was looking for closure on a failed romance. He denies, however, any involvement
with the damage to complainant's car.

Stalking

 The current stalking statute reads, in pertinent part:

§ 42.072. Stalking

 (a) a person commits an offense if the person, on
more than one occasion and pursuant to the same
scheme or course of conduct that is directed
specifically at another person, knowingly engages in
conduct, including following the other person, that:


 (1) the actor knows or reasonably believes the
other person will regard as threatening:


 (A) bodily injury or death for the other
person;


 . . . .


 (2) causes the other person . . . to be placed in
fear of bodily injury or death . . . and


 (3) would cause a reasonable person to fear:


 (A) bodily injury or death for himself
or herself[.]Tex. Pen. Code Ann. § 42.072; see also Clements v. State, 19 S.W.3d 442, 449-50
(Tex. App.--Houston [1st Dist.] 2000, no pet.). The State by indictment charged that
appellant violated the act by damaging complainant's vehicle, by following her, and
by calling her repeatedly, and that appellant knew or reasonably believed that
complainant would regard that conduct as threatening bodily injury. On appeal,
appellant contests the sufficiency of the evidence to support the jury's verdict on the
first and third prongs of a stalking offense: that he knew or was reasonably certain
that complainant would regard his conduct as threatening, and that a reasonable
person would regard his conduct as threatening. He does not contest the second
prong, that complainant herself felt threatened.

Legal Sufficiency

 In his first issue on appeal, appellant contends that the State's evidence is
insufficient as a matter of law to uphold his conviction. In assessing legal
sufficiency, we consider the entire trial record to determine whether, viewing the
evidence in the light most favorable to the verdict, a rational jury could have found
the accused guilty of all essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In conducting our review of the
legal sufficiency of the evidence, we do not reevaluate the weight and credibility of
the evidence, but ensure only that the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). This burden is the same for both direct
and circumstantial evidence cases. Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim.
App. 2006).

 In reviewing legal sufficiency of the evidence, circumstantial evidence alone
is sufficient to establish guilt. Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App.
2004). Each fact need not point directly and independently to the guilt of the
appellant, so long as the cumulative effect of all incriminating facts is sufficient to
support conviction. Id. "[T]he jury can infer knowledge from the acts, words, and
conduct of the accused." Castillo v. State, 899 S.W.2d 391, 393 (Tex.
App.--Houston [14th Dist.] 1995, no pet.); see also Dues v. State, 634 S.W.2d 304,
305 (Tex. Crim. App. 1982).

 Appellant challenges the legal sufficiency of the evidence by asserting that he
was courting complainant or looking for closure on the failed romance. According
to appellant, complainant never told him that she did not want to see him anymore,
nor did he know that his attentions were unwanted or would cause complainant to fear
bodily injury. Appellant also asserts that he never threatened complainant, "did not
bother her" when he followed her and never approached complainant in a hostile or
aggressive manner. Appellant further contends that the State failed to prove that he
damaged her Expedition. 

 Appellant contends that the evidence is legally insufficient to establish that he
knew or reasonably believed that complainant would regard his conduct as
threatening bodily injury or death. See Tex. Pen. Code Ann. § 42.072(a)(1). 
Viewing the evidence in the light most favorable to the verdict, the record shows that
complainant told appellant that their relationship was over, and that complainant did
not respond to appellant's attempts to communicate with her. Rather than
discontinuing his contact with complainant, appellant appeared uninvited at the auto
dealership, refused to leave the dealership despite requests that he leave, drove by and
parked near her house at various hours, followed her daily, followed her to the police
station, and waited outside the station as he watched her with "a dead stare." Further,
the jury could have rationally determined that appellant was aware that complainant
feared him because he was present when complainant became visibly upset by his
presence at the auto dealership.

 Viewing the evidence in a light most favorable to the trial court's verdict, the
record also shows that appellant damaged complainant's Expedition--an additional
component of appellant's pattern of behavior that shows that appellant knew or
reasonably believed that complainant would regard his conduct as threatening bodily
injury or death. Complainant kept an extra key to the Expedition in her house and
appellant had a key to her house when they were dating. Appellant thus had access
to the key to the Expedition, which was damaged by a person who used a key to gain
entry. The evidence also shows that appellant, by his own admission, went to great
lengths to get complainant's attention. When viewed in the light most favorable to
the verdict, the cumulative effect of these facts would enable a rational juror to find
that appellant was responsible for the damage to complainant's vehicle. See King, 29
S.W.3d at 562; see also Guevara, 152 S.W.3d at 50 ("Motive is a significant
circumstance indicating guilt."). (1) Considering the totality of these circumstances, we
hold that the evidence is legally sufficient to prove that defendant met the
requirements of section 42.072(a)(1).

 Appellant further contends that the evidence is legally insufficient to show that
his conduct would have caused a reasonable person to fear bodily injury or death. See
Tex. Pen. Code Ann. § 42.072(a)(3). A reasonable person can be placed in fear of
bodily injury or death based on a defendant's "pattern of behavior," such as leaving
numerous phone messages, appearing several times at places where the defendant
knows the person would be, and engaging in conduct that the defendant knows would
frighten the person. See Clements, 19 S.W.3d at 449. No overt threat of violence is
required to place a reasonable person in fear. See Williams v. State, 827 S.W.2d 614,
616 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). We note further that section
42.072 expressly includes "following" as sufficient conduct to support a stalking
conviction. Tex. Pen. Code Ann. § 42.072. Appellant admits in his brief that he
called complainant repeatedly, left numerous telephone messages, drove by her
house, and followed her to the auto dealership. The State's evidence showed that
appellant followed her to other places including the police station, circling in his car
while she was inside. Further, as noted above, the evidence shows that appellant was
responsible for damaging complainant's Expedition. 

 Viewing the facts in a light most favorable to the verdict, we conclude that a
rational juror could have found beyond a reasonable doubt that a reasonable person
would have been placed in fear by appellant's actions. We hold that the State's
evidence is legally sufficient evidence to satisfy the requirements of
section 42.072(a)(3). 

 We overrule appellant's first issue on appeal.

Factual Sufficiency 

 In his second issue on appeal, appellant challenges the factual sufficiency of
the evidence to support his conviction. When conducting a factual-sufficiency
review, we view all of the evidence in a neutral light. Ladd v. State, 3 S.W.3d 547,
557 (Tex. Crim. App. 1999). We will set the verdict aside only if (1) the evidence is
so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is
against the great weight and preponderance of the evidence. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we cannot
conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because,
on the quantum of evidence admitted, we would have voted to acquit had we been on
the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. Oct. 18, 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury's resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts the
jury's verdict. Id. In conducting a factual-sufficiency review, we must also discuss
the evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination depends
on the fact-finder's evaluation of credibility and demeanor. Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). As the determiner of the credibility of
the witnesses, the fact-finder may choose to believe all, some, or none of the
testimony presented. Id. at 407 n.5.

 Appellant did not present any defensive evidence at trial. Appellant does not
challenge the factual sufficiency of the evidence by claiming that the verdict is
against the great weight and preponderance of the evidence. Instead, appellant's
factual sufficiency complaint is based solely on the claim that the proof of guilt is so
weak that the jury's verdict is clearly wrong or manifestly unjust. See Watson, 204
S.W.3d at 417. 

 Appellant contends that the evidence is factually insufficient to establish that
he knew or reasonably believed that complainant would regard his conduct as
threatening bodily injury or death. See Tex. Pen. Code Ann. § 42.072(a)(1). 
Appellant suggests that evidence shows that he was merely courting complainant or
looking for closure for the relationship because in one of his telephone messages, he
asked her to tell him whether the relationship was over for good, he never verbally
threatened complainant or approached her in a hostile manner, and he was never told
not to contact her until he was arrested at the police station. The record also shows,
however, that complainant repeatedly told appellant that their relationship was over
before she broke off contact with him. Further, once she had broken up with him, she
would not respond to any of his attempts to communicate with her, but he continued
his unwelcome advances. The record also shows that he knew his conduct was
unwelcome and threatening to complainant because (1) complainant's sister asked
him to leave when he appeared at the dealership; (2) complainant was visibly upset
by his appearance at the dealership, and (3) complainant refused to talk to him when
he drove to her house and she photographed his car as he drove away. 

 We note further that, when the evidence is viewed neutrally, the record shows
that appellant harmed complainant's Expedition. Although no direct evidence shows
that he caused the damage, the circumstantial evidence points to appellant as the
person who poured sugar in the Expedition's oil reservoir and put holes in its
condenser. Complainant testified that when she dated appellant she gave him a key
to her house. An extra key to the Expedition that she kept inside the house was found
to be missing on the day the Expedition was damaged. The person who vandalized
the Expedition used a key to access the engine compartment. Appellant also
acknowledges that he went to great lengths to try to get complainant's attention, and
the evidence shows that complainant refused his attention, which provides a motive
for him to have damaged the vehicle. See Guevara, 152 S.W.3d at 50. Moreover,
appellant had access to the key to the Expedition. Considering the evidence that
appellant damaged complainant's Expedition, in addition to the other circumstances
described above, we cannot conclude that the evidence is factually insufficient to
show that appellant knew or reasonably believed that complainant would regard his
conduct as threatening bodily injury or death. See Tex. Pen. Code Ann.
§ 42.072(a)(1). 

 Appellant also challenges the factual sufficiency of the evidence to show that 
a reasonable person in complainant's position would not have been in fear of bodily
injury. See Tex. Pen. Code Ann. § 42.072(a)(3). We note again that no overt threat
of violence is required to place a reasonable person in fear, see Williams, 827 S.W.2d
at 616, and also that section 42.072 expressly includes "following" as sufficient
conduct to support a stalking conviction. Tex. Pen. Code Ann. § 42.072. Appellant
does not dispute that complainant feared him; he asserts only that the fear was not
reasonable because he did not threaten her or "bother" her. Appellant acknowledges
that he repeatedly called complainant and drove by uninvited to her house. Viewing
the evidence in a neutral light, the record also shows that appellant refused to leave
the auto dealership when requested, appellant drove uninvited to complainant's house
daily, and appellant followed complainant to the police station. Considering these
facts, in addition to the evidence concerning the damage to complainant's Expedition,
we cannot conclude that the evidence is factually insufficient to show that a
reasonable person in complainant's position would have been placed in fear of bodily
injury or death. 

 We conclude that evidence is not too weak to support the jury's determination
that a reasonable person in complainant's position would have been placed in fear of
bodily injury. See Tex. Pen. Code Ann. § 42.072(a)(3). We hold that the State's
evidence is factually sufficient to satisfy section 42.072(a)(3).

 We overrule appellant's second issue on appeal.


Conclusion

 We affirm the judgment of the trial court. 



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack, Justice Alcala and Justice Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. Because damage to complainant's property is not an element of the charged offense,
the State need not prove that appellant sabotaged complainant's Expedition, so long
as it presents sufficient evidence to prove all elements of the offense. See Johnson
v. State, 747 S.W.2d 451, 454 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd)
(holding that while State need not prove every allegation in indictment, State must
prove every element of offense) (citing Wiley v. State, 632 S.W.2d 746, 748 (Tex.
Crim. App. 1982); Cook v. State, 488 S.W.2d 822, 824 (Tex. Crim. App. 1972)).