**Tranquillino Rios HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00416–CR.**

Court of Appeals of Texas, San Antonio.

July 29, 1983.

Gregory K. Zaney, San Antonio, for appellant.

Bill White, Dist. Atty., Raymond Angelini, Steve Vacek, James L. Bruner, Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for aggravated robbery. In a bench trial appellant was found guilty and his punishment was assessed at 20 years' confinement.

Appellant's two grounds of error are addressed together since they both contend that the evidence was insufficient to prove beyond a reasonable doubt that the victim was in fear of imminent bodily injury and death due to the use and exhibition of a deadly weapon, a knife, as alleged in the indictment. When the sufficiency of the evidence is challenged, we are required to view the evidence in the light most favorable to the verdict. *Little v. State,* 567 S.W.2d 502, 504 (Tex.Cr.App.1978). We

hold that the evidence is sufficient to uphold appellant's conviction.

The record shows that the 76 year old complainant, Pedro Dimas, was alone in his print shop when the appellant came to his door. After Dimas said he was closing, appellant pushed the door in his face and hit him in the mouth with his fist knocking several teeth loose. Appellant then took Dimas to the back of the shop where he stabbed him four times and robbed him of his wallet containing $600.00 dollars.

Appellant contends that neither his use of the knife nor his exhibition of it placed the complainant in fear of imminent bodily injury and death. His contention that the State failed to prove the requisite fear through *use* of the knife is based on the following testimony by the complainant.

Q: Now, when this person was stabbing you and taking your wallet, were you in fear of your life?

A: Well, to tell you the truth, I don't—I couldn't one way or the other.

    \*     \*     \*     \*     \*     \*

Q: But did you think you were going to die because of all those stab wounds?

A: I never gave it a thought. I figured if God was good I wouldn't die. And I didn't.

Although the complainant testified, "I couldn't tell one way or the other," and, "I never gave it a thought," it is clear that he did fear or believe his life was in danger. Common sense says the complainant would not have testified, "I figured if God was good I wouldn't die. And I didn't die," unless he contemplated death. *See Beasley v. State*, 634 S.W.2d 320, 322 (Tex.Cr.App. 1982). Even if the complainant had unequivocally stated that he was never in fear, the requisite fear could be found to exist based on his conduct of allowing the appellant to take his wallet. *See Etzler v. State*, 143 Tex.Cr.R. 327, 158 S.W.2d 495 (1941). And surely, the appellant's conduct of stabbing the complainant four times would have placed the average person in fear of his life. Such fear certainly would not have been the result of the mere temperamental timidity of the complainant. *See Cranford v. State*, 377 S.W.2d 957, 959 (Tex. Cr.App.1964).

Appellant's contention that the requisite fear through *exhibition* of a knife was not proved is without merit. Though the complainant testified that he never saw the knife, he did testify that he felt the knife and it was proven that a knife was used. The knife could not have been more clearly exhibited to the complainant than by stabbing him four times with it.

The judgment is affirmed.