**Affirmed as Modified and Opinion filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00272-CR
_____

**DARIUS HOUSTON-RANDLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1418365**

## O P I N I O N

Appellant Darius Houston-Randle pled guilty to aggravated robbery, and the trial court granted deferred adjudication community supervision. The State filed a motion to adjudicate guilt alleging twelve probation violations. After the State abandoned several allegations, appellant pled not true to the remainder. The trial court found two allegations true: (1) appellant committed an offense against the State of Texas; and (2) appellant failed to provide medical and mental health

records to his community supervision officer.  In two issues, appellant contends the trial court abused its discretion by finding each of these allegations true.

We affirm as modified[1] because the trial court did not abuse its discretion by finding the first allegation true.

## I.    BACKGROUND

During the revocation hearing, Andrew Brouchet testified that he was sitting in his truck when one man armed with a gun opened the passenger side door while appellant opened the driver side door.  Appellant said, "Give me the money," and rifled through Brouchet's pockets to take his wallet and cell phone.  The robbers fled on foot, and Brouchet chased them.  The robbers escaped, but later Brouchet identified appellant in a photo array.  Brouchet identified appellant at trial.

Brouchet testified further that he was "pissed off" and "upset" at the time of the robbery, but he "wasn't scared."  When asked if he was afraid, Brouchet answered, "No. I wasn't afraid."  He said he was "mad."  When asked why he let appellant take the wallet and cell phone, Brouchet answered, "Well, I really didn't want to get shot."

The trial court found true the State's allegation that appellant violated a term of probation as follows:

> Committing an offense against the State of Texas, to-wit . . . the Defendant, did then and there unlawfully while in the course of committing theft of property owned by ANDREW BROUCHET, and [with] the intent to obtain and maintain control of the property, INTENTIONALLY AND KNOWINGLY threaten and place ANDREW BROUCHET in fear of imminent bodily injury and death, and the Defendant did then a[n]d there use and exhibit a deadly weapon, namely, A FIREARM.

---

[1] As explained below, we modify the trial court's judgment to reflect that appellant did not plead true to the motion to adjudicate.

2

The trial court adjudicated appellant's guilt and sentenced him to fifteen years' confinement.

## II. COMMITTING AN OFFENSE AGAINST THE STATE OF TEXAS

Appellant contends the trial court abused its discretion by revoking probation because the State failed to prove that appellant threatened or placed Brouchet in fear of imminent bodily injury or death, as the State alleged and as required by the aggravated robbery statute. *See* Tex. Penal Code Ann. §§ 29.02, 29.03. The State contends the trial court did not abuse its discretion because, among other reasons, the evidence is legally sufficient to prove the place-in-fear element of aggravated robbery. We agree with the State.

### A. Standard of Review and Revocation Principles

We review a trial court's decision to revoke deferred adjudication probation, i.e., community supervision, for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). "[T]he trial court has discretion to revoke community supervision when a preponderance of the evidence supports the violation of a condition of [the defendant's] community supervision." *Id.* Under the preponderance standard, the State must prove that the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of probation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

This standard "has been described as a review for whether there is 'more than a scintilla' of evidence." *Id.* (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)). The standard is not met when "the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence or when the finder of fact must guess whether a vital fact exists." *Id.*

3

(footnote and quotations omitted). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to the testimony. *Id.*

## B. Sufficient Evidence of the Placed-In-Fear Element

Appellant contends there is no evidence that Brouchet was placed in fear of imminent bodily injury or death because Brouchet testified that he was not afraid or scared. Citing *Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011), appellant contends there must be evidence that "someone actually is placed in fear." But the *Howard* court explained that implicit threats are sufficient to place a victim in fear under the robbery statute "[s]o long as the defendant's actions are 'of such nature as in reason and common experience is likely to induce a person to part with his property against his will.'" *Id.* at 138 (quoting *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964)); *see also Etzler v. State*, 158 S.W.2d 495, 496 (Tex. Crim. App. 1941) ("[I]f under the circumstances and conditions surrounding the transaction [the victim] has a reasonable belief he may suffer injury unless he does not comply with the robber's request, the 'fear' required by the law is present." (quotation omitted)).

The place-in-fear element of robbery does not require the victim to be "hysterical" or frightened "to the extent of losing one's senses or control." *Etzler*, 158 S.W.2d at 496 (quotation omitted). And the requisite fear must arise from the conduct of the defendant, "'rather than the mere temperamental timidity of the victim.'" *Devine v. State*, 786 S.W.2d 268, 271 (Tex. Crim. App. 1989) (quoting *Cranford v. State*, 377 S.W.2d 957, 959 (Tex. Crim. App. 1964)) (holding that the evidence was insufficient to prove the place-in-fear element even though the victim testified that he was "afraid and believed he would be killed if he did not give appellant the money").

Appellant cites no authority holding that the evidence is or becomes legally insufficient when the victim testifies he or she was not scared or afraid. And several courts have held contrary to his argument. *See Etzler*, 158 S.W.2d at 496 (sufficient evidence even though the victim testified that he was "not scared" and "thought he was not in danger"; this testimony was inconsistent with the victim's conduct of giving his money and automobile to the defendant, who was armed with a gun); *Hernandez v. State*, 656 S.W.2d 630, 631 (Tex. App.—San Antonio 1983, no pet.) ("Even if the complainant had unequivocally stated that he was never in fear, the requisite fear could be found to exist based on his conduct of allowing the appellant to take his wallet.").

Brouchet testified that one of the robbers was carrying a gun, and appellant demanded Brouchet's money. Despite Brouchet's temperamental fortitude, he parted with his property because he "really didn't want to get shot." We hold that appellant and his accomplice's conduct was of such a nature as to induce Brouchet to part with his property against his will, and Brouchet had a reasonable belief that he could suffer injury if he did not comply with the robbers' request. This evidence is more than a scintilla of evidence supporting the place-in-fear element of aggravated robbery. *See Etzler*, 158 S.W.2d at 496; *Hernandez*, 656 S.W.2d at 631.

Appellant's first issue is overruled.

## III.   FAILING TO PROVIDE MENTAL HEALTH AND MEDICAL RECORDS

Having concluded that the trial court did not err by revoking appellant's probation based on the first of the State's allegations, we do not reach appellant's second issue concerning his failure to provide medical and mental health records. *See Norton v. State*, 434 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009)) ("An

5

order revoking community supervision may be upheld based on the violation of a single condition of community supervision."); *see also* Tex. R. App. P. 47.1.

## IV.    ERRONEOUS JUDGMENT

Appellant notes that the trial court's judgment erroneously reflects that he pled true to the motion to adjudicate. He is correct. The reporter's record indicates he pled not true.

"When a court of appeals has the necessary data and evidence before it for reformation, an erroneous judgment may be reformed on appeal." *Storr v. State*, 126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (modifying the trial court's judgment to reflect that the defendant pled not guilty when the judgment reflected that he pled guilty). "[A]n appellate court has authority to reform a judgment when the matter has been called to its attention by any source." *Joseph v. State*, 3 S.W.3d 627, 643 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that an appellate court may reform a judgment to include an affirmative finding "to make the record speak the truth" even though the party did not raise the issue in the trial court)).

Accordingly, we modify the trial court's judgment to reflect that appellant pled not true to the motion to adjudicate. *See Ambriz v. State*, No. 14-10-00952-CR, 2011 WL 3667870, at *4 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment, which erroneously stated that the defendant pled not true to the motion to adjudicate, to reflect that the defendant pled not true to only one allegation and pled true to other allegations).

## V. CONCLUSION

The trial court did not err by revoking appellant's community supervision and adjudicating guilt.  But the judgment erroneously reflects that appellant pled true to the State's motion to adjudicate.  Thus, we modify the judgment by adding the word "not" before the word "true" under the heading "Plea to the Motion to Adjudicate," and we affirm the trial court's judgment as modified.


/s/  Sharon McCally
   Justice


Panel consists of Justices Christopher, McCally, and Busby.
Publish — Tex. R. App. P. 47.2(b).