ACCEPTED
06-18-00009-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/29/2018 3:36 PM
DEBBIE AUTREY
CLERK

Case No.  06-18-00009-CR

IN THE

SIXTH COURT OF APPEALS

OF TEXAS

DALLAS, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/29/2018 3:36:41 PM

DEBBIE AUTREY
Clerk

_____

D'ARQUEZ QUAJON TENNON
Appellant

VS.

THE STATE OF TEXAS,
Appellee

_____

On Appeal from the 8th Judicial District Court
Of Hopkins County, Texas

Trial Court Cause No.
1625647

BRIEF FOR THE APPELLANT

_____

ROBERT J. HERRINGTON, ESQ.
P. O. BOX 262234
PLANO, TEXAS 75026-2234
TELEPHONE (214) 557-0577
FACSIMILE (972) 599-0391
STATE BAR NO. 00790163

ATTORNEY FOR APPELLANT

*Oral Argument Not Requested*

## IDENTITY OF PARTIES AND COUNSEL

1. Trial Judge: The Honorable Eddie Northcutt, judge, presided over the trial.

2. Appellant: D'Arquez Quajon Tennon, #02178164, TDCJ, Gurney Unit, 1385 FM 3328, Palestine, TX 75803

3. Counsel for Appellant: Robert J. Herrington, P.O. Box 262234, Plano, TX 75026 (on appeal).

4. The State of Texas was represented by Mr. Will Ramsay, District Attorney, P.O. Box 882, Sulphur Springs, TX 75483-0882, and is represented on appeal by and through the Hopkins County District Attorney's Office, appellate division, at the same address.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument, as the decisional process of this Court would not be significantly aided by oral argument, since the facts and legal arguments are adequately presented in the brief submitted to this Court by the Appellant.

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Word Count . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

CASES:

*Ellison v. State, 201 SW 3d 714( Tx. Crim. App. 2006)* . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*Hacker v. State, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)* . . . . . . . . . . . . . . . . . . . . *10*

*Randle v. State, 499 SW 3d 912  (Houston Dist. 2016)* . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*United States v.  Hayes, 589 F.2d  811, cert denied,  444 U.S. 847 (5th Cir. 1987)* . . . . *12*

STATUTES and RULES:

TEXAS PENAL CODE §19.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF THE CASE

Appellant was charged by Indictment, dated November 3, 2016, with the offense of manslaughter, a second degree felony under the Texas Penal Code, section 19.04. (CR: 6)

Appellant pleaded guilty to the offense on February 23, 2017 and was originally sentenced by the judge to deferred adjudication supervision for ten (10) years, a $2,500.00 fine, and conditions. (CR: 33)

On October 19, 2017, the State moved to proceed with an adjudication of guilt, alleging certain violations of the terms of supervision, including testing positive for use of marijuana and failure to complete a "Moral Reconation Therapy Class" as directed by the community supervision officer (CR: 36)

On December 28, 2017, appellant entered an open plea of true to the allegations in the motion to adjudicate. After a contested hearing, he was sentenced by the court to imprisonment for a term of nineteen years (CR: 79) Appellant filed a a notice of appeal on January 5, 2018. (CR: 85) Undersigned counsel was appointed to represent Appellant on appeal, and this brief follows.

## ISSUE PRESENTED

1.      Did the court abuse its discretion in sentencing appellant to nineteen years imprisonment after defendant pleaded true to the allegations in the motion to adjudicate?

## STATEMENT OF FACTS

The motion to adjudicate, to which appellant pleaded true, alleged that appellant had tested positive for marijuana, had failed to pay his court-ordered fine and costs, and failed to complete a "moral reconation therapy class." (CR: 36)

Several witnesses testified for the state, including the victim's family members, who testified as to the good character of the victim in the underlying manslaughter case, and as to the strong and negative impact of his death on the rest of the family. (RR: 37-58)

Also testifying for the State was supervising officer Carol Gunderson, who, after detailing the appellant's probation violations, told the court,

> Well, at the time, I recall, you know, sometimes use the phrase "coming to Jesus talk". And that's pretty much what it was. I mean, I – I talked to him like a probation officer, but also like I'd talk to one of my kids, you know, if they were in that situation. And it's serious. I mean, a life was taken, you know. It doesn't get anymore serious than that. So, you know, I told him what was expected of him. Marijuana use would not be tolerated. (RR: 62 et seq)

The defendant-appellant himself testified (RR: 91-111). He testified to his desire to have joined the miitary, and to his having been rejected due to accident-related blindness in one eye (RR: 95). He also testified as to his job working part time at a restaurant for $7.50 per hour, and also at a pastry factory at $10.00 per hour. (RR: 96-98)

Appellant's marijuana use was partly explained by him by his belief that he may have an addiction, and he noted that his own mother used marijuana in his house  (RR: 102-104)  He expressed regret for using marijuana as well (Id.)   He also explained that his failure to complete MHMR (mental health and mental retardation) treatment, to which he had been referred by the probation officer, was complicated by his transportation problems and scheduling conflicts with his job (RR: 105)

He also testified to his efforts to secure more hours to earn more money and the difficulty of doing so due to employer limitations (*Id*.)

He also testified that he had always been truthful with officers about his offense and his violations of probation. (RR: 110)


## SUMMARY OF THE ARGUMENT

The violations committed by the appellant did not support a sentence of nineteen years, and the court abused its discretion in failing to consider alternatives to the sentence, which was near the statutorily prescribed maximum.

ARGUMENT

ISSUE 1:     Did the court abuse its discretion in failing to consider alternatives to a sentence near the statutory maximum?

*STANDARD OF REVIEW*:  "For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

*DISCUSSION*:

The court gave extensive reasons for the sentence imposed, but appears to have focused principally on appellant's marijuana use and his apparent (per the court) failure to make serious efforts to discontinue it:

> There are probation cases that we have, revocation cases that we have, where a person will test positive for marijuana and it's sometimes seen as something that's minor.  And I suppose, like Ms. Gunderson compared it to, it's not heroin and it's not methamphetamine.  Those are far more serious drugs, with far more serious abilities to entangle somebody in addiction ….  I don't know if it's an addiction.  There's all kinds of dispute as to whether or not marijuana is physically addicting, like heroin or methamphetamine  to be.  But disorder?  Yeah.  According to your testimony, your very first time you ever put a joint in your pocket, you get caught and get arrested for it.  That's not enough to wake you up.  You then, after smoking weed, have a horrific crash and cause the death of an individual.  That's not enough to wake you up.
> If we're to believe you, you continue to smoke marijuana right up to the point that you go on probation and then smoke it again while on probation, at least once, though I think the credible testimony is that it was multiple times.  And while some might consider that minor, in the  context of this case, it is the seminal issue.  *I don't know what else we could*

*possibly do to get your attention. I don't know.* (RR: 170-171, emphasis added)

The Court's error was not in revoking appellant's community supervision and adjudicating him guilty. "Unlike the guilt phase, the question at punishment is not whether the defendant has committed a crime, but, instead, what sentence should be assessed." *Ellison v. State*, 201 SW 3d 714 (Tx. Crim. App. 2006).

Courts are given wide latitude in revoking supervision, where, as here, there is even a single violation, proved by a probationer's own admission and plea of true. "The trial court has discretion to revoke community supervision when a preponderance of the evidence supports the violation of the conditions of defendant's community supervision." *Randle v. State*, 499 SW 3d 912 (Houston Dist. 2016). That said, there were several other ways of "getting [appellant's] attention" without imposing a sentence near the statutorily-prescribed maximum of 20 years. The court failed to consider any of a number of alternatives to the 19-year sentence, insofar as the record reflects.

The court might, for example, have given consideration to the fact that defendant's *worst* violations were mere class B misdemeanors (possessing/using marijuana). The court might also have given greater consideration to its own determination that marijuana smoking is a "disorder."

The court might also have articulated its reasons for not sentencing the defendant to inpatient drug treatment as a condition of continued probation. Alterntively, it might

11

have ordered the defendant to serve a significant number of months in jail, this to allow any residue of marijuana to work its way through his system before being re-released.

The court might also have considered (and specifically stated for the record) why a sentence of, say, 5 or 10 years, instead of the near-maximum sentence imposed, was not more appropriate considering the relative mildness of the violations. Thus, the district court failed to consider sentencing alternatives that were within the sentening range.[1] It may be argued that a near-maximum or even maximum sentence was appropriate considering the harm cause to the victim and to his family by the underlying offense. Perhaps. Appellant will not argue that the underlying offense was anything short of extremely serious, and indeed devastating to the victim and his surviving family.[2] This argument that the underlying harm merits a near-maximum sentence now, however, is difficult to square with the state's agreement to (and the court's acceptance and approval of) the original sentence, deferring not only any imprisonment (save for 45 days of detention as a condition of supervision [CR: 32]), but also any judgment of conviction.

The court was acting within its authority when it threw up its hands and adjudicated guilt — "I don't know what else we could possibly do." The error, the abuse

---

[1] For a case disapproving (by implication) this court's reasoning, *See United States v. Hayes*, 589 F.2d 811, cert denied, 444 U.S. 847 (5th Cir. 1987), affirming a sentence because the district court did consider alternatives to the punihsment imposed.

[2] It is worth considering too that the offense was, as the investigating officer determined, the result of an accident. "I said, would a truck have been better, if he was riding in a truck? And he was like, no, this was an un-survivable accident." (Victim's mother's testimony, paraphrasing the investigating officer, RR: 31)

of discretion, was in the sentencing process, in that the court (to all appearances) failed to give any consideration for a sentence elsewhere within the range.

Manslaughter is among the more serious crimes for which a person might be convicted. Yet the legislature in its wisdom determined that some such serious cases call for sentence of as low as two years. Appellant's violations did not show any propensity for committing any new felony offense, much less one nearly as serious as manslaughter, and do not otherwise merit a sentence of nineteen years. It is appellant's position that the case upon revocation merited a lower sentence than one near the top of the range, and that the district court erred in failing to consider such.

## CONCLUSION

For the foregoing reasons, defendant-appellant prays that the judgment of of the trial court be reversed and remanded with instructions to conduct a new sentencing hearing.

Respectfully submitted,

*/s/ Rob Herrington*
Robert J. Herrington
Counsel to appellant
SBN 00790163
P.O. Box 262234
Plano, TX 75026-2234
tel. 214.557.0577

## CERTIFICATE OF WORD COUNT

I certify that the foregoing brief, excluding tables of contents, index of authorities, and, certificates, contains 1974 words.

*/s/ Rob Herrington*
Robert J. Herrington


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served via e-mail on March 29, 2018, upon the District Attorney of Hopkins County, Appellate Division, at his address of record in Sulphur Springs, Texas. A copy was also mailed to Appellant on March 30, 2018, c/o the Texas Department of Corrections, at #02178164, TDCJ, Gurney Unit, 1385 FM 3328, Palestine, TX 75803.

*/s/ Rob Herrington*
Robert J. Herrington