**Affirmed as Modified and Memorandum Opinion filed October 6, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00165-CR

**DAVID  ERIC  BEARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1397603**

## MEMORANDUM  OPINION

Appellant pleaded guilty to aggravated robbery, and the trial court placed him on deferred adjudication community supervision. The trial court revoked appellant's community supervision, adjudicated his guilt, and sentenced him to forty-five years' imprisonment. In eight issues, appellant contends that his trial counsel rendered ineffective assistance, that his sentence is excessive under the Eighth Amendment, and that his Sixth Amendment right to confront witnesses was violated by the admission of hearsay testimony. We affirm.

# I. PROCEDURAL BACKGROUND

The State alleged in its second amended motion to adjudicate appellant's guilt that appellant committed fourteen violations of the terms of his community supervision. Appellant pleaded not true to the allegations.

After a hearing, the trial court found nine of the allegations true, including four new-offense violations (two aggravated sexual assaults, theft, and operating a motor vehicle with a suspended license and without insurance), failure to pay various fees and costs, failure to verify employment, and failure to participate in community service at the minimum number of hours per month.

The court assessed punishment at forty-five years' imprisonment. Appellant did not file a motion for new trial.

# II. INEFFECTIVE ASSISTANCE

In his first six issues, appellant contends that his trial counsel rendered ineffective assistance by failing to (1) investigate and present mitigation evidence; (2) request any recourse for alleged discovery and disclosure violations; (3) object to hearsay; (4) move for a mistrial; (5) request funding for a sexual assault nurse examiner (SANE) expert; and (6) investigate the allegations in the State's motion to adjudicate.

## A. Legal Principles

To prevail on a claim of ineffective assistance, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890,

892–93 (Tex. Crim. App. 2010). An appellant must satisfy both prongs by a preponderance of the evidence. *Perez*, 310 S.W.3d at 893.

Generally, a claim of ineffective assistance may not be addressed on direct appeal because the record usually is not sufficient to conclude that counsel's performance was deficient under the first *Strickland* prong. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); *see also Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Ordinarily, trial counsel should be afforded an opportunity to explain counsel's actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

"Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas*, 163 S.W.3d at 740. "To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation omitted).

It is the "rare case" when an appellant raises a claim of ineffective assistance on direct appeal and the record is sufficient to make a decision on the merits. *Andrews*, 159 S.W.3d at 103. We must presume that trial counsel's performance was adequate unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). To clear the hurdle of establishing deficient performance on direct appeal, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of [counsel's] subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex.

Crim. App. 2011). If there is a potential reasonable trial strategy that counsel could have been pursuing, we cannot conclude that counsel performed deficiently. *See Andrews*, 159 S.W.3d at 103.

**B.    Issues 1, 5, and 6: Investigation and Presentation of Evidence and Funding for Expert Witness**

Appellant contends that counsel was ineffective for failing to investigate and present mitigating evidence, to investigate the State's allegations for revocation of community supervision, and to request funding for a SANE expert.

An appellant cannot show ineffective assistance based on failure to investigate and adduce evidence without showing what the investigation would have revealed that reasonably could have changed the result of the case. *See Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986). To determine whether an appellant was prejudiced from a failure to investigate and present evidence, this court must "compare the evidence presented by the State with the 'evidence the jury did not hear due to trial counsel's failure to investigate.'" *Perez*, 310 S.W.3d at 896 (quoting *Butler*, 716 S.W.2d at 56). We are unable to do so because appellant has not identified what evidence a proper investigation would have revealed, nor what benefit could have been obtained from an expert. *See Ex parte McFarland*, 163 S.W.3d 743, 755 (Tex. Crim. App. 2005); *see also King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) ("Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony."); *Washington v. State*, 417 S.W.3d 713, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("[T]he failure to request the appointment of an expert witness is not ineffective assistance in the absence of a showing that the

4

expert would have testified in a manner that benefitted the defendant." (alteration in original, quotation omitted)).

Appellant has not shown what mitigation evidence was available, what counsel's investigation regarding the State's allegations would have revealed, nor how a SANE expert would have aided appellant's defense. Appellant suggests that his wife "could have been contacted and testified," but nothing in the record shows that trial counsel failed to contact appellant's wife or that her testimony would have benefited appellant.

Appellant's first, fifth, and sixth issues are overruled.

## C.     Issue 2: Discovery and Disclosure Violations

Appellant contends that counsel was ineffective for not requesting any recourse for the State's late disclosure of evidence "other than to admit the late disclosures into evidence." Appellant contends that counsel should have "asked for a continuance to be able to explore and utilize this late disclosure" or should have called several police officers as witnesses to contradict another witness's testimony.

The complainant for one of the State's allegations concerning appellant's commission of a new offense of aggravated sexual assault testified in a manner inconsistent with her statements contained in several police reports. At the hearing, counsel complained that appellant was not "given a specific Brady notice" that C.H. was going to change her story. Counsel noted that she had subpoenaed the police officers but did not "have those folks sitting in the hallway" to testify because the State did not disclose that C.H.'s story would change. Counsel recognized that "the appropriate way to impeach that would be to have those witnesses here." The trial court explained that it had "no idea whether or not the

5

State knew" C.H. would change her story.  Counsel asked for the police reports to be admitted as exhibits, and the court admitted them over the State's objection. The court explained it would consider the reports because they were relevant in assessing C.H.'s credibility.

Appellant has not overcome the presumption that counsel's conduct fell within the wide range of reasonable representation.  Nor has appellant demonstrated any prejudice.  Rather than request a continuance or call police officers to testify for purposes of impeachment, counsel successfully sought the admission of the officers' reports to undermine C.H.'s credibility.  The record does not affirmatively demonstrate a lack of strategy in counsel's successful offer of the reports, rather than delaying the proceeding for live testimony from the officers. The decision not to request a continuance can be strategic.  *See Alcantar v. State*, No. 11-02-00096-CR, 2003 WL 1392600, at *2–3 (Tex. App.—Eastland Mar. 20, 2003, pet. ref'd) (not designated for publication).  Moreover, the record does not show that the officers' testimony would have impeached C.H.'s credibility to any degree greater than the written reports, which the trial court said it would consider in assessing C.H.'s credibility.  *See, e.g.*, *Perez*, 310 S.W.3d at 894 (failure to call witnesses is irrelevant absent showing that the defendant would benefit from testimony); *King*, 649 S.W.2d at 44 (same).

Appellant's second issue is overruled.

## D.     Issue 3: Objection to Hearsay

Appellant contends that the trial court sustained counsel's numerous hearsay objections but that counsel failed to object to one instance of hearsay from a police officer when the State predicated its question with the phrase "based on your investigation."  The State contends that, in context, counsel may have reasonably believed that the complained-of testimony was not hearsay because the question

was about what kind of car appellant drove, not what kind of car the witnesses had described. The officer testified:

> Q. Okay. So, how, I guess -- I want to talk about how Mr. Beard was developed as a suspect in the case.
>
> A. So, my partner and I reviewed all six cases with our crime analyst who was able to -- we were able to look at certain traits, characteristics, vehicle description, the modus operandi in this particular incident, the defendant's physical appearance description, namely a tattoo on his arm written in cursive named Dylan. Again, like I said, vehicle description, the red -- everyone saying a red maroon car. When I say everyone, I mean [M.W.] and the other complainant --
>
> [COUNSEL]: Judge, again, I'd object to hearsay.
>
> THE COURT: That's sustained.
>
> **Q. So, based on your investigation, were you -- you said that the car was similar. What kind of car was that?**
>
> **A. It was a Lexus.**
>
> Q. What kind of car description were you -- did you learn?
>
> [COUNSEL]: Judge, objection, again, to the hearsay.
>
> THE COURT: That's sustained.
>
> Q. Was the car the same in each of the cases that you were investigating?
>
> [COUNSEL]: Judge, object, again. That's still hearsay.
>
> THE COURT: That's sustained.
>
> Q. Did you learn of similar trends with each of the cases?
>
> A. Yes.
>
> Q. And what similar trends were those?
>
> [COUNSEL]: Judge, again, calls for hearsay.
>
> THE COURT: Sustained.
>
> Q. Were the cars in each of the cases similar to make or model in the car?
>
> [COUNSEL]: Judge, again, I would object to the hearsay.
>
> THE COURT: That's sustained. You probably need somebody that has some personal information.[1]

---

[1] Emphasis is added.

Generally, there is no strategic value "to pass over the admission of prejudicial and clearly inadmissible evidence." *Ex parte Menchaca*, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993) (quoting *Lyons v. McCotter*, 770 F.2d 529, 534 (5th Cir. 1985)). But, to "pass over the admission of prejudicial and arguably inadmissible evidence may be strategic." *Id.* (quoting *Lyons*, 770 F.2d at 534). It may be strategic to not object to inadmissible hearsay, for example, if trial counsel "at that moment may have reasonably decided that the testimony was not inadmissible." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see also Lopez v. State*, 343 S.W.3d 137, 141, 143–44 (Tex. Crim. App. 2011) (no deficient performance on a silent record as to why counsel failed to object to inadmissible hearsay; possible strategy of exposing inconsistencies in statements).

We agree with the State that, in context, counsel may have reasonably understood the State's question and the officer's answer to be a reference to appellant's car, rather than inadmissible hearsay about what kind of car the complainants had described. On a silent record, we cannot conclude that trial counsel was deficient because counsel may have reasonably decided that the testimony was admissible. *See Thompson*, 9 S.W.3d at 814 (no deficient performance on a silent record as to why trial counsel failed to object to the State's "artful questions" as the State "doggedly pursued the introduction of inadmissible hearsay").

Appellant's third issue is overruled.

## E.     Issue 4: Moving for a Mistrial

Appellant contends that counsel should have requested a mistrial based on the "volume of sustained objections," i.e., fifty-five. Appellant reasons that because the judge was also the trier of fact, there was a "high likelihood those questions influenced her decisions and ultimate finding of guilt and punishment"

8

and there is "no doubt that those objectionable questions and testimony could have influenced the judge in making factual or even legal conclusions."

Generally, however, a contrary presumption is indulged in a bench trial. The trial court is "presumed to be able to disregard those matters he deems, in his capacity as legal arbiter, to be inappropriate for consideration in his role as fact-finder." *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012). The Court of Criminal Appeals has explained:

> In a bench trial, the judge often will learn the substance of the evidence before he can rule on the motion to suppress. The judge is presumed to disregard the inadmissible evidence if the court is called on to decide the merits of the case. In essence, the judge assumes dual roles: He acts as a judge in ruling on the admissibility of the evidence, and he acts as a juror in weighing the credibility of the evidence.

*Garza v. State*, 126 S.W.3d 79, 83 (Tex. Crim. App. 2004).

Accordingly, counsel may have determined that a request for a mistrial would have been futile. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) ("Counsel is not required to engage in the filing of futile motions."); *see also Garcia v. State*, 112 S.W.3d 839, 847 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Moreover, counsel's failure to request a mistrial—when the trial court repeatedly sustained counsel's objections—could have been a conscious decision to capitalize on the trial court's possible frustration with the State; counsel could have made a strategic decision to continue the proceeding with the existing record and fact finder. *See Calderon v. State*, 950 S.W.2d 121, 140 (Tex. App.—El Paso 1997, no pet.) (on a silent record, counsel's decision to not request a mistrial could have been strategic "to capitalize on possible jury frustration with the State").

Appellant's fourth issue is overruled.

### III.   EXCESSIVE PUNISHMENT

In his seventh issue, appellant contends that his forty-five-year sentence violates his Eighth Amendment right against an excessive punishment. Generally, a person must preserve error in the trial court for a complaint that a sentence is unconstitutionally excessive. *See Davis v. State*, 586 S.W.3d 586, 591 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd); *see also* Tex. R. App. P. 33.1. The record does not show that appellant preserved this complaint in the trial court or that any exception applies to the preservation requirement.

Appellant's seventh issue is overruled.

### IV.   CONFRONTATION CLAUSE

In his eighth issue, appellant contends that the trial court erred by admitting testimony that violated his Sixth Amendment right to confront the witnesses against him. Appellant refers to testimony for which there was either no objection or no adverse ruling. And, appellant's *sustained* objections were based on hearsay, not the Confrontation Clause of the Sixth Amendment. Thus, appellant has not preserved error. *See* Tex. R. App. P. 33.1; *see also Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).

Appellant's eighth issue is overruled.

### V.   MODIFICATION OF THE JUDGMENT

The State contends that the trial court's judgment should be modified because it incorrectly reflects that appellant (1) pleaded true to the motion to adjudicate and (2) violated the terms of community supervision as set out in the original, rather than second amended, motion to adjudicate.

This court may reform a judgment "to make the record speak the truth" when the matter has been called to the court's attention from any source. *See*

*French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see also* Tex. R. App. P. 43.2(b). We agree with the State that the judgment should be modified to reflect that appellant pleaded not true and that appellant violated the second amended, rather than original, motion to adjudicate. *See Houston-Randle v. State*, 499 S.W.3d 912, 915–16 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

## VI. CONCLUSION

Each of appellant's issues is overruled. The trial court's judgment is affirmed as modified to reflect that appellant pleaded not true to the State's allegations and that appellant violated the second amended motion to adjudicate.


/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Bourliot, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).