

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00314-CR

CELIA NICOLE CAMACHO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 073079-E, Honorable Douglas R. Woodburn, Presiding

March 11, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Celia Nicole Camacho, appeals from the trial court's judgment adjudicating her guilty of the offense of injury to a child and sentencing her to twelve years of confinement. The judgment followed the trial court's finding that Appellant violated the terms of her deferred adjudication community supervision by committing theft. Appellant contends the State failed to prove the alleged violation. We conclude sufficient evidence supports the trial court's decision to adjudicate Appellant's guilt. We affirm.

BACKGROUND

Appellant pleaded guilty to the offense of injury to a child on March 30, 2018, and was placed on deferred adjudication community supervision for ten years. The terms of her supervision required that she commit no offense against the laws of Texas or any other state or of the United States.

On April 1, 2024, the State moved to proceed with adjudication of guilt, alleging Appellant violated her community supervision by committing theft of property valued between $2,500 and $30,000 on November 15, 2023, in Randall County.

The evidence at the revocation hearing established the following facts. Appellant and her husband, Jose, leased a house from Chelsea Fhemister in Randall County. When they moved in, the house contained staging furniture. Fhemister testified she made an agreement directly with Appellant to sell certain items, including a dining table, four chairs, a bench, two rugs, a coffee table, and an end table, for $2,500, payable in five monthly installments of $500. Fhemister also denied that a refrigerator in the home was a part of the agreement; it was to stay with the house with the other appliances.[1]

According to Fhemister, the Camachos never made any of the monthly payments toward a furniture purchase.[2] They also stopped paying rent. Fhemister initiated eviction proceedings, and the Camachos were required to vacate by midnight on November 14, 2023.[3] Fhemister drove by the house at 6:00 p.m. on November 14th and saw the family

---

[1] Jose disputes this testimony, saying there was an agreement to purchase the refrigerator.

[2] Appellant and Jose disagree with this testimony.

[3] Testimony at the hearing indicates Appellant and her family had been evicted as many as twenty-five times in eight years, including this time.

2

still inside.  When she inspected the house the next morning, all the furniture plus the refrigerator were gone.

Law enforcement located the property at another house on Kessler Drive, which Jose had rented.  A search warrant was obtained and executed.  Deputy Logan Landrum testified he found the dining room table, chairs, bench, rugs, coffee table, end table, and refrigerator inside.  Appellant was not in the home when the warrant was served, but Jose and their children were present.

Both Appellant and Jose testified at the hearing.  Jose stated he alone made the decision to take the property.  He claimed he was entitled to keep the property but acknowledged the full purchase price had not been paid.  He also stated Appellant did not physically move the property and was not present when he did so.

Appellant knew Jose moved the property to the Kessler Drive house because she testified that she objected to the decision to take the property and was "furious" about it.  She claimed she did not live at the Kessler Drive house and had no key.  She admitted, however, that she stayed there on multiple occasions when the children visited their father.  Jose testified some of her clothes remained at the Kessler Drive house.  A photograph taken during execution of the search warrant showed her pink house shoe in the master bedroom. Family photographs posted to Facebook depicted gatherings at the house with Fhemister's furniture visible.

**ANALYSIS**

Our review of a trial court's order revoking community supervision is for abuse of discretion.  *Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  A trial court

3

abuses its discretion when its decision lies outside the zone of reasonable disagreement, is arbitrary or unreasonable, or is made without reference to guiding principles. *See Rhomer v. State,* 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Valderas v. State,* Nos. 07-21-00111-CR, 07-21-00112-CR, 2022 Tex. App. LEXIS 5907, at *6–7 (Tex. App.—Amarillo Aug. 15, 2022, no pet.). To proceed with adjudication, the State must prove a violation of at least one of the terms of community supervision by a preponderance of the evidence. *Hacker,* 389 S.W.3d at 864–65. This standard requires proof that the greater weight of credible evidence creates a reasonable belief the defendant violated a condition of supervision. *Id.* at 865. The preponderance standard is not met when the evidence is so weak as to create only a surmise or suspicion of its existence, or when the factfinder must guess at a vital fact. *Houston-Randle v. State,* 499 S.W.3d 912, 914 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

We view the evidence in the light most favorable to the trial court's decision. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op;] 1981). The trial court is the sole judge of witness credibility and the weight to be given testimony. *Hacker,* 389 S.W.3d at 865. When the record supports conflicting inferences, we presume the trial court resolved those conflicts in favor of its findings. *See Temple v. State,* 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Valderas*, 2022 Tex. App. LEXIS 5907, at *7. Direct and circumstantial evidence are equally probative, and circumstantial evidence alone can be sufficient to support a conviction. *Irish v. State*, No. 13-19-00650-CR, 2021 Tex. App. LEXIS 5834, at *7 (Tex. App.—Corpus Christi-Edinburg July 22, 2021, no pet.).

A person commits theft if she unlawfully appropriates property with intent to deprive the owner of that property. TEX. PENAL CODE § 31.03(a); *Lucero v. State,* No. 07-24-

4

00171-CR, 2025 Tex. App. LEXIS 1121, at *6 (Tex. App.—Amarillo Feb. 24, 2025, no pet.). Appropriation is unlawful if it occurs without the owner's effective consent. TEX. PENAL CODE § 31.03(b)(1). To "appropriate" means, among other things, to acquire or exercise control over property. § 31.01(4)(B). A person need not physically move property to exercise control over it. *Joe v. State*, 663 S.W.3d 728, 733 (Tex. Crim. App. 2022) (holding that exercising control of property under the theft statute "does not depend on removing it from a place."). Nor does it depend on exclusive control. *Id.*; *De la Torre v. State*, 583 S.W.3d 613, 619 (Tex. Crim. App. 2019) (recognizing "concept of joint possession").

This Court addressed a comparable set of circumstances in *Weaver v. State*, No. 07-06-00327-CR, 2007 Tex. App. LEXIS 2837 (Tex. App.—Amarillo Apr. 12, 2007, pet. ref'd) (mem. op., not designated for publication). In *Weaver*, a cow went missing and periodically wandered onto the appellant's property. *Id.* at *4. The appellant eventually penned the cow on her land. *Id*. A faded ear tag bore a partial name the appellant recognized, but she made no effort to contact the owner's family. *Id.* Her husband later removed the tag and threw it away. *Id.* When an officer investigated, the appellant told him the cow possessed no tags and that she did not know who owned it. *Id.* This Court held the evidence sufficient to support a theft conviction, noting that the appellant made no effort to determine the owner of the cow, failed to contact anyone about it, and lied to the investigating officer. *Id.* at *5. The court also held that no demand for return is required before a theft conviction can occur. *Id*.

The circumstantial evidence here is analogous. Fhemister testified she negotiated the furniture sale directly with Appellant. Fhemister testified no payments were made toward the furniture. Appellant knew the property had not been paid for when her family

5

was evicted; in fact, it made her "furious." The family also took the refrigerator, which Fhemister testified was never part of any purchase agreement.

In addition, Appellant made no effort to return the property or notify anyone about its taking. She stayed at the Kessler Drive house on multiple occasions, kept personal belongings there, and appeared in family photographs with the furniture visible. The trial court could find from these facts that Appellant exercised control over property she knew belonged to Fhemister. Viewing the evidence in the light most favorable to the trial court's ruling, the State met that burden. The trial court did not abuse its discretion.

We overrule Appellant's second issue.

**Reformation of Judgment**

In her first issue, Appellant contends the judgment contains an error. The State agrees, and so do we.

We are authorized to modify a trial court's judgment to make the record speak the truth when we have the necessary information to do so. *Valderas v. State*, No. 07-21-00112-CR, 2022 Tex. App. LEXIS 5907, at *9 (Tex. App.—Amarillo Aug. 15, 2022, no pet.); *Ramirez v. State,* 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd); Tex. R. App. P. 43.2 (b). In other words, an appellate court is empowered to reform whatever the trial court could correct by a judgment nunc pro tunc provided the necessary evidence appears in the record. *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

6

The judgment states Appellant's "Plea to Motion to Revoke" was "TRUE."  The reporter's record reflects Appellant pleaded "NOT TRUE."  We reform the judgment to reflect the correct plea of "Not True."  The trial court is ordered to prepare and file a corrected judgment.  *Valderas,* 2022 Tex. App. LEXIS 5907, at *10.

## CONCLUSION

Having sustained Appellant's first issue and overruled her second, we affirm the trial court's judgment as reformed.

Lawrence M. Doss
Justice

Do not publish.